870 A.2d 838

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Kareem WALLACE, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 2004.

Decided March 29, 2005.

---

Hugh J. Burns, Jr., William L. Young, Philadelphia, for the Com. of PA

Samuel C. Stretton, West Chester, for Kareem Wallace, appellee.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice NIGRO.

This appeal raises the issue of whether the Superior Court erred in holding that a trial court that is resentencing a defendant after revoking his probation is restricted to the maximum term of imprisonment prescribed by the original negotiated guilty plea. For the following reasons, we conclude that the Superior Court erred and therefore reverse.

On January 26, 1996, Appellee Kareem Wallace entered a negotiated guilty plea to three counts of possession of a controlled substance with the intent to deliver. *See* 35 P.S. § 780–113(30). In accordance with the plea agreement, the trial court sentenced Appellee to three concurrent terms of imprisonment of twenty-one to forty-two months followed by two years of probation and a $5,000 fine.[1]

On September 10, 2000, while still serving his probationary sentence, Appellee was arrested for another drug-related offense. Under the terms of his probation, Appellee was required to report the arrest to his probation officer within seventy-two hours but he failed to do so. At a revocation of probation hearing on November 21, 2000, Appellee did not dispute the technical violations of his probation and the trial court resentenced him to three consecutive terms of imprisonment of five to ten years, which was the maximum available for the original crimes under the Sentencing Code.

Appellee appealed to the Superior Court, arguing, *inter alia*, that his sentence was illegal under *Commonwealth v. Anderson*, 434 Pa.Super. 309, 643 A.2d 109 (1994), which held that where a negotiated plea agreement contemplated concurrent rather than consecutive terms of imprisonment, a trial court is "without authority ... to alter the sentencing scheme

---

1. Under the Crimes Code, the crime of possession of cocaine with intent to deliver carries a maximum term of imprisonment of ten years. 35 P.S. § 780–113(f)(1.1).

from concurrent to consecutive sentences when resentencing upon probation revocation." *Anderson,* 643 A.2d at 114. A panel of the Superior Court agreed that based on *Anderson,* the trial court had erred in imposing consecutive terms of imprisonment where Appellee's negotiated plea had contemplated only concurrent sentences. Specifically, the Superior Court held as follows:

> In the present case, [Appellee] entered into a negotiated plea and sentence. The terms of the agreement provided that [Appellee] would plead guilty to three counts of possession of a controlled substance with intent to deliver in exchange for three concurrent terms of twenty-one to forty-two months' imprisonment plus two years' probation. Upon the revocation of probation, the trial court was bound by the terms of the negotiated plea agreement to impose concurrent sentences. Therefore, the trial court's imposition was invalid, as it altered the sentencing scheme from concurrent to consecutive sentences.

Super Ct. Op., 12/18/01, at 6.

The Superior Court then went on to discuss the maximum term of imprisonment to which Appellee could be subjected, even though that issue was not on appeal at that time. In this regard, the panel, apparently again relying on *Anderson,* stated:

> [A]lthough we recognize the sentence imposed was within the statutory limits, it exceeded the maximum limit of the original sentence. On resentencing, the trial court imposed an aggregate term of fifteen to thirty years which exceeded the maximum limit of the original sentence which had an outside limit of five and one-half years.

*Id.* at 6–7. The Superior Court then vacated Appellee's judgment of sentence and remanded to the trial court for resentencing consistent with its decision.

Upon remand, the trial court resentenced Appellee to three concurrent terms of imprisonment of five to ten years. In its opinion supporting this sentence, the trial court acknowledged that in addition to holding that the imposition of consecutive

sentences upon resentencing was illegal, the Superior Court had also stated that upon resentencing Appellee should be sentenced to a term no longer than that which was contemplated in the original guilty plea agreement. However, the trial court pointed out that in stating as such, the Superior Court had failed to consider the impact of *Commonwealth v. Smith*, 447 Pa.Super. 502, 669 A.2d 1008 (1996), which held that resentencing a defendant to a term within the statutory maximum was not illegal simply because it was a longer term than the defendant's original plea agreement circumscribed. Rather, the trial court noted that according to *Smith*, "it is well-settled that upon revocation of probation, a court possesses the same sentencing alternatives that it had at the time of the initial sentencing." Trial Ct. Op. at 4 (citing *Smith*, 669 A.2d at 1011). Thus, the trial court concluded that contrary to the Superior Court's suggestion, it was not restricted to the term contemplated in Appellee's plea agreement, but rather could impose any sentence within the statutory limits.

█ Appellee again appealed to the Superior Court, this time claiming that at resentencing, the trial court should have restricted its sentence to the upper bounds of the negotiated plea agreement, namely forty-two months, and not the statutory maximum of ten years. The second Superior Court panel again reversed Appellee's judgment of sentence and remanded, holding that the "law of the case" doctrine bound it to the earlier panel's decision, including the language purportedly prohibiting the trial court from resentencing Appellee to a term of imprisonment greater than that contemplated in the negotiated guilty plea.[2] Despite the trial court's assessment

**2.** Traditionally, the law of the case doctrine dictates that "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court." *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995). The Superior Court below explained that:

> [A]lthough the trial court believes our reliance on *Anderson* is misplaced and instead relies on *Commonwealth v. Smith*, 447 Pa.Super. 502, 669 A.2d 1008 (1996), we need not address this concern. The trial court was and this Court is bound by the earlier panel's disposition of this issue. It is the law of the case.

Super. Ct. Op., 7/31/03, at 4.

that the particular language at issue was both dicta and contrary to the established law in *Smith,* the Superior Court refused to find that the previous panel made a "clearly erroneous" holding by limiting the trial court's resentencing options as it did.[3] *See Commonwealth v. Yarris,* 557 Pa. 12, 731 A.2d 581 (1999) (holding that court should follow law of the case except under exceptional circumstances, as when holding is clearly erroneous). The panel therefore instructed the trial court to resentence Appellee again, this time "limited to the terms of the plea agreement it accepted at the time of original sentencing, that is: concurrent terms with an outside limit of five and one-half years." Super. Ct. Op., 7/30/03, at 5.

On appeal to this Court, the Commonwealth argues that the Superior Court erred in finding that the trial court could not impose a longer sentence upon resentencing after a revocation of probation than it could under the plea agreement at the time of the original sentencing. We agree.[4]

---

**3.** Significantly, the two-judge majority of the Superior Court panel noted that "[a]lthough the holding in *Commonwealth v. Smith* appears contrary to *Anderson, Anderson* remains good law." Super. Ct. Op., 7/30/03, at 4. In a concurring opinion, Judge Graci stated that he joined in the majority's disposition only because he believed the panel to be bound by the decision of the earlier panel, but he independently believed *Commonwealth v. Anderson* to have been wrongly decided.

**4.** Appellee initially claims that the Commonwealth waived its right to appeal the issue of the maximum term available upon resentencing because that issue was decided within the first Superior Court panel's decision and the Commonwealth failed to appeal it to this Court at that time. However, neither Appellant nor Appellee ever raised the question of whether the trial court was bound by the maximum term contemplated in the plea agreement before the first Superior Court panel. Thus, the only *Anderson*-related issue before that panel was whether the imposition of consecutive sentences upon resentencing was prohibited under that case. As such, the court necessarily vacated Appellee's sentence based on that issue alone and we consider the discussion regarding the maximum term of Appellee's sentence to be mere dicta. Given this fact, we simply cannot fault the Commonwealth for failing to appeal the maximum term issue to this Court at that time and we refuse to find that the Commonwealth waived its right to ultimately appeal that issue by failing to do so in conjunction with the first panel opinion.

We further conclude that in light of our determination that the maximum term discussion in the first panel's decision was dicta, the second Superior Court panel erred in treating it as the law of the case. *See Pierro v. Pierro,* 434 Pa. 131, 252 A.2d 652, 653 (1969) (Dicta in trial

As explained above, the Superior Court below relied on its prior decision in *Anderson* in concluding that a sentence imposed after probation revocation could not exceed the maximum sentence originally imposed subsequent to a guilty plea agreement. Super. Ct. Op., 7/30/03, at 3 (*citing Anderson,* 643 A.2d at 113). However, *Anderson's* statement of the law in that regard was simply incorrect.

▮▮▮ It is clearly stated in the Sentencing Code not only that the court may revoke a defendant's probation if appropriate, but also that "[u]pon revocation the sentencing alternatives available to the court shall be the same as were *available at the time of initial sentencing.*" 42 Pa.C.S. § 9771 (emphasis added). Likewise, this Court has explicitly stated that "upon revocation of probation, the court possesses the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Pierce,* 497 Pa. 437, 441 A.2d 1218, 1219 (1982). As it is well established that the sentencing alternatives available to a court at the time of initial sentencing are all of the alternatives statutorily available under the

court opinion "does not establish the law of the case."); *Troxel v. A.I. Dupont Institute,* 450 Pa.Super. 71, 675 A.2d 314, 319 (1996) (earlier panel's analysis was dicta and thus was not binding on subsequent panel). This error is particularly troubling in this case because the parties had not even briefed the issue of the maximum term available on resentencing to the first Superior Court panel and thus, the panel made its pronouncements on that topic without the assistance of any adversarial debate from the litigants.

Finally, even assuming for the sake of argument that the second Superior Court panel did not err in applying the law of the case doctrine, this Court is certainly not bound by the dicta in the first panel's opinion as that doctrine does not bind *this* Court from now addressing the maximum term issue. *Compare Riccio v. American Republic Ins. Co.,* 550 Pa. 254, 705 A.2d 422, 425 (1997) (Under law of the case doctrine, "a court involved in the later phases of a litigated matter should not reopen questions *decided by another judge of the same court or by a higher court* in the earlier phases of the matter.") (quoting *Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326, 1331 (1995)) (emphasis added), *with Commonwealth v. Ogrod,* 576 Pa. 412, 839 A.2d 294, 317 (2003) ("[A]n intermediate court of appeals should not possess authority to bind a court of last resort within the same proceeding, particularly where the latter court's plenary review of the trial court's final order represents the first instance in which it undertakes consideration of any aspect of the trial-level proceedings.").

Sentencing Code,[5] these authorities make clear that at any revocation of probation hearing, the court is similarly free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor.[6]

5. In the process of negotiating a guilty plea, the prosecutor may make promises to the defendant, for instance recommending a maximum sentence for the crimes committed. Although the prosecutor is bound to act in accordance with those promises, this "in no way binds the presiding judge to the terms of the agreement." *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441, 444, n. 4 (1976); *see also Commonwealth v. Wilkins*, 442 Pa. 524, 277 A.2d 341, 343 (1971) (noting that under a negotiated plea agreement, the defendant "knew that he could not count on the court being bound by the recommendation [of sentence]"). In fact, the presiding judge can still sentence the defendant to any term allowed under the Sentencing Code, provided that the defendant has the chance to withdraw his guilty plea if the judge's sentence is not in accordance with his negotiated agreement. Pa. R.Crim. P. 591(A).

6. The rationale for giving the trial court such discretion upon resentencing is grounded in the nature of a negotiated guilty plea, which is a two-sided agreement that imposes obligations on both the defendant and the Commonwealth. On the one hand, the Commonwealth agrees not to prosecute the defendant to the full extent of the law and to recommend a circumscribed punishment. The defendant, on the other hand, accepts this benefit with the implicit promise that he will abide by the terms of the agreement and behave in accordance with the legal punishment imposed by the court. *See Commonwealth v. Coles*, 365 Pa.Super. 562, 530 A.2d 453 (1987) (holding that the benefit of the bargain principle commonly applied to the prosecution is also equally applicable to the defendant and imparts upon him the obligation to abide by the negotiated terms of his sentence).

Significantly, the court ensures that the Commonwealth upholds its end of the bargain. *See Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441, 444 (1976) (holding that "there is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea" and therefore, "it is well settled that 'where a plea bargain has been entered into and is violated by the Commonwealth, the defendant is entitled, at the least, to the benefit of the bargain' ") (quoting *Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898, 900 (1975)). Further, the court demands that the defendant, in return, fulfill his own obligations under the plea agreement in order to retain the benefits granted to him in that bargain. As a result, if the defendant fails to satisfy his obligations, *e.g.*, by violating probation, he necessarily forfeits any entitlement to a circumscribed punishment. As the Superior Court noted in *Commonwealth v. Coles*, to allow the defendant who breaches the bargain to keep the benefits conferred upon him by a plea agreement would "make a sham of the negotiated plea process and

While *Anderson* ignored the unambiguous language of both the Sentencing Code and *Pierce*, it is important to note that numerous other Superior Court decisions subsequent to *Anderson*, including *Commonwealth v. Smith*, upon which the trial court below relied, have recognized that court's error and have explicitly declined to follow its lead. *See Smith*, 447 Pa.Super. 502, 669 A.2d 1008 (holding that *Anderson* incorrectly held that a trial court, upon resentencing, was limited to the maximum term contemplated in a guilty plea and explicitly stating that under this Court's holding in *Pierce*, a trial court has the same sentencing options available to it upon resentencing as it did at the time of initial sentencing); *see also Commonwealth v. Adebaike*, 846 A.2d 759, 761 (Pa.Super.2004) (stating that "[t]he Commonwealth and trial court here are not the only critics of *Anderson* on record" but following *Anderson* for its holding on concurrent/consecutive sentences); *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super.2000) ("[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence."); *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa.Super.2001) (quoting the language in *Fish* as "the law applicable to revocation proceedings"); *Commonwealth v. Byrd*, 444 Pa.Super. 86, 663 A.2d 229, 231 (1995) ("The question is whether *Anderson* changed the law and limited the trial court's power to sentence after revocation of probation. We find that in the absence of circumstances unique to *Anderson*, no such limitation was imposed on the sentencing judge."). Indeed, it is these decisions that have properly interpreted the governing law and which should have been followed by the Superior Court below.

In sum, as subsequent Superior Court panels have recognized, *Anderson's* holding that "any sentence imposed after probation revocation must not exceed the maximum sentence originally imposed" is legally unsupportable and is inconsistent with both the clear and unambiguous language of the Sentenc-

would give the defendant a second bite at his sentence." 365 Pa.Super. 562, 530 A.2d 453, 456 (1987).

ing Code and this Court's precedent. *See* 42 Pa.C.S. § 9771; *Pierce,* 441 A.2d at 1219. Accordingly, the Superior Court below erred in relying on that holding and instead should have affirmed the trial court's judgment of sentence, which was within the maximum term allowed by the Sentencing Code. Accordingly, we reverse the order of the Superior Court.

Justice SAYLOR files a concurring and dissenting opinion.

Justice BAER files a dissenting opinion.

Justice BAER dissenting.

Contrary to the majority, I believe the first Superior Court panel's disposition of the issue concerning the maximum term available to the trial court upon resentencing was not *dicta* and therefore represents the law of the case. Accordingly, I believe this issue was waived by the Commonwealth, when, after the first Superior Court panel's decision, it failed to seek allocatur. Moreover, assuming *arguendo* that the first Superior Court's panel directive was *dicta,* this does not justify the Commonwealth's failure to appeal and the trial court's refusal to follow the Superior Court's directive.[1]

As the majority accurately recounts, pursuant to a negotiated guilty plea, Appellee was sentenced to concurrent terms of imprisonment of twenty-one (21) to forty-two (42) months followed by two years of probation and a $5,000 fine. Appellee served this sentence and was released. He does not dispute that he then violated probation. After an appropriate hearing, the trial court resentenced him to three consecutive terms of imprisonment of five to ten years, the maximum available for his original crimes under the Sentencing Code. Appellee appealed to the Superior Court, arguing, *inter alia,* that his sentence was illegal under *Commonwealth v. Anderson,* 434 Pa.Super. 309, 643 A.2d 109 (1994), which will be discussed *infra.*

---

1. It is noted that there is a distinction between *dicta* contained in prior authority, which clearly does not constitute binding precedent on litigants in general and, as in this case, a court directive addressed specifically to the parties.

A panel of the Superior Court agreed that, based on *Anderson*, the trial court was bound to impose concurrent sentences under the terms of the negotiated plea agreement, and therefore the trial court's sentence was invalid, as it altered the sentencing scheme by substituting consecutive terms for concurrent terms. The same panel then turned its attention to the question of Appellee's potential maximum sentence and opined that a new sentence premised upon probation revocation could not exceed the maximum computable time of the original sentence. Accordingly, the Superior Court determined that the trial court's sentence after probation revocation was flawed both because it imposed consecutive terms and because it was longer than the maximum computable sentence under the initial plea bargain. Thus, the Superior Court vacated the judgment of sentence, and remanded to the trial court for resentencing consistent with its decision.

On remand, the trial court decided that the Superior Court incorrectly stated the law regarding the maximum sentence permitted upon resentencing in what the trial court characterized as *dicta*. The trial court opinion explained:

This Court's April 8, 2002 order was not an illegal sentence. As the Court stated on the record, the Superior Court Opinion incorrectly stated the law in this area, and as such this Court considered it merely *dicta* since it did not go to the facts of the case.

Common Pleas Court Op. at 3. Armed with this justification, the trial court disregarded the portion of the Superior Court's opinion concerning the maximum allowable sentence, and sentenced Appellee to three concurrent terms of five to ten years imprisonment.

Appellee again appealed arguing that the sentence imposed by the trial court following remand was illegal because, although it imposed concurrent terms, the aggregate term was in excess of the maximum time cognizable under the original sentence, in contravention of the first Superior Court panel's directives. Upon review, a second Superior Court panel conceded that the first panel erred, but, nevertheless, reversed

and remanded holding that the "law of the case" doctrine bound the trial court and it to the first Superior Court panel decision. Specifically, the second Superior Court panel stated:

> To our dismay, the trial court treated our [the first panel's] directive on the issue of the length of the sentence as "an incorrect statement of the law" and "*dicta*," because in its opinion, the issue on appeal concerned solely the distinction between concurrent and consecutive terms. We disagree first with the "*dicta*" characterization; *the issue on the original appeal concerned both the length and the manner of the sentencing terms imposed* ... The trial court was and this Court is bound by the earlier panel's disposition of this issue. It is the law of the case.

Superior Court Op., 7/30/03, at 4 (emphasis added).

I believe that the second Superior Court was correct in its assertion that the original appeal concerned both the manner and length of sentencing terms and, therefore, the position of the first Superior Court panel's decision concerning the maximum allowable sentence was not *dicta;* moreover, as properly held by the second Superior Court panel, even assuming arguendo the first Superior Court panel's decision was *dicta,* the trial court and the second Superior Court panel were nevertheless bound by the original panel's disposition of the issue.

In the original appeal from the trial court's order, Appellee presented the following issue to the Superior Court, clearly raising both the length and the manner of sentencing terms imposed:

> 1. Were not *the three sentences of five to ten years incarceration imposed consecutively* on Informations CP 9505–0257, CP 9507–0920 and CP 9508–0096 *for an aggregate term of fifteen to thirty years illegal* because the original sentence, imposed pursuant to a negotiated plea, *was twenty-one to forty two months plus two years probation,* all three sentences running concurrently?

> *Commonwealth v. Anderson,* 434 Pa.Super. 309, 643 A.2d 109 (1994).

Superior Court Op., 12/18/01, at 2 (emphasis added). The majority construes this issue to have encompassed only the question of the propriety of the court's imposition of consecutive sentences, rather than also scrutinizing the length of the total sentence. Specifically, the majority finds that neither the Commonwealth nor Appellee ever raised before the first Superior Court panel the question of whether the trial court was bound by the maximum term contemplated in the plea agreement and, thus, the only issue before the first panel was whether the imposition of consecutive sentences was prohibited. To the contrary, as seen in the above quotation of Appellee's issue, he clearly raised the propriety of both the manner and length of the new sentence.

In *Anderson*, the defendant pled guilty to two counts of burglary and was sentenced to a total of eleven and one-half to twenty-three months imprisonment to be followed by five years of probation. Two months later, the defendant entered a negotiated guilty plea to one count each of theft by unlawful taking and receiving stolen property. Under the terms of a negotiated plea agreement, the defendant was sentenced to five years' probation to run concurrently with her sentence for the prior burglary convictions. Subsequently, the defendant violated the terms of her probation. Following a hearing, the trial court revoked her probation and sentenced her to two to five years of incarceration on the burglary convictions and two to four years on the theft convictions. The trial court ordered these sentences to run consecutively for an aggregate four to nine year term of confinement.

On appeal, the defendant claimed the trial court erred in imposing consecutive sentences and thereby exceeding the maximum sentence calculable under the bargained for initial plea-bargain sentence. The defendant contended that following probation revocation, the trial court was limited to imposition of concurrent sentences not exceeding eighty-three (83) months, which was the maximum sentence under the plea bargain.[2] A panel of the Superior Court agreed. The Superi-

---

2. The initial sentence was eleven and one half (11–1/2) to twenty-three (23) months followed by five years probation. Adding the maximum

or Court determined that once a court has acquiesced in a plea bargain and sentenced pursuant thereto, upon resentencing following the revocation of probation, the court is bound by the plea bargain:

First, the trial court's sentencing alternatives at the time of initial sentencing were circumscribed by the plea agreement. The imposition of consecutive sentences upon probation revocation was in direct abrogation of the plea agreement, and enlarged the sentencing options which had been available to the court at the time of the original sentencing. Second, by imposing consecutive sentences following probation revocation, the trial court exceeded the maximum sentence originally imposed. On resentencing, the trial court imposed an aggregate term of four to nine years' incarceration, which exceeded the maximum limit of the original sentence.

We hold that the trial court was without authority in this case to alter the sentencing scheme from concurrent to consecutive sentences when resentencing upon probation revocation. In doing so, the trial court imposed a sentence that directly abrogated the accepted and enforced plea agreement and exceeded the maximum limit of the original sentence.

*Anderson*, 643 A.2d at 114 (citations and footnotes omitted). As the forgoing language makes clear, in *Anderson*, the court disposed of both the issues of whether a trial court, upon resentencing, is bound by the scheme set forth in the plea (consecutive versus concurrent) as well as whether the court is bound by the maximum term computable by the original plea agreement.

In the instant case, through the explicit language used in the statement of the issue raised before the first Superior Court panel in his original appeal, as well as his citation to *Anderson* in his statement of the issue, Appellee questioned not only the propriety of the court's imposition of consecutive

period of incarceration of twenty-three (23) months to the maximum period of incarceration should probation revocation occur of five years or sixty months, yields twenty-three (23) months plus sixty months or eighty-three (83) months.

sentences, but also the validity of the term of sentence imposed by the court. Accordingly, in its Opinion, the first Superior Court panel determined that:

> The trial court's imposition of three consecutive terms of five to ten years' imprisonment was invalid, as it altered the sentencing scheme from concurrent to consecutive sentences. Moreover, although we recognize the sentence imposed was within the statutory limits, it exceeded the maximum limit of the original sentence. On resentencing, the trial court imposed an aggregate term of fifteen to thirty years which exceeded the maximum limit of the original sentence which had an outside limit of five and one-half years.
>
> Accordingly, we vacate the judgment of sentence and remand for resentencing.

Superior Court Op., 12/18/01, at 6.

Based on this directive, there is simply no way the Superior Court's discussion and its directive can be characterized as *dicta*. The trial court was obligated to follow the Superior Court's order, pursuant to the "law of the case" doctrine.[3] If the Commonwealth was dissatisfied with this ruling, it was incumbent upon it to seek allocatur at that juncture. As it did not, this Court should have held that such failure resulted in waiver of the issue.[4]

---

**3.** In *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995), this Court noted that the "law of the case" doctrine refers to a family of rules which embodies the concept that a court involved in the later phases of a litigation matter should not reopen questions decided by another judge of that same court or by a higher court in an earlier phase of the matter.

Among the related but distinct rules which make up the "law of the case" doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

**4.** The irony of this case is that the trial court provided the Commonwealth with the proverbial second bite at the apple by declining to

Additionally, even if the language in the Superior Court's opinion, regarding the maximum term available upon resentencing was *dicta*, such should not be deemed to justify a trial court's disregard of an appellate court's directive or the failure to appeal by a party against whose interest the ruling was entered. To the contrary, a trial court must follow the directive of an appellate court[5] and an aggrieved party is bound to appeal an adverse decision by the lower court. Pa.R.A.P. 501.[6] To hold otherwise is inconsistent with our orderly system of justice, and has the potential to create much mischief. As has happened in this case, it permits a trial court to characterize an appellate court directive as *dicta*, and on that basis, to decline to follow it. Also, as in this case, it permits an attorney to characterize a holding by either a trial or an appellate court as *dicta*, and to decline to appeal, and presumably, by logical extension, decline to follow such a ruling. It is shocking that the majority seems to create this loophole allowing for trial courts and lawyers to engage in wholly subjective analysis, conclude that a court's pronouncement is *dicta*, and, premised upon that conclusion, choose to ignore such holding.

I would affirm the Superior Court's order finding that we may not properly address the merits of the Commonwealth's previously waived claim.

Justice SAYLOR concurring and dissenting.

For the reasons set forth by Mr. Justice Baer, I agree with him that the Commonwealth's challenge to the Superior Court's directive to the trial court to resentence Appellant in

follow the directive of the Superior Court, and thereby entering a new appealable decision. Clearly, if the trial court would have conducted itself properly, the Commonwealth could not have appealed the trial court's disposition entered in accordance with the instructions from the Superior Court.

5. *Starr* at 1331.

6. Pa.R.A.P. 501, entitled, "Any Aggrieved Party May Appeal," provides as follows: Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.

accordance with the terms of his original plea is waived by virtue of its failure to file a petition for allowance of appeal relative to such ruling. I would only add that there are mixed policy arguments to be made concerning whether a requirement to file a petition for allowance of appeal should be interposed as a prerequisite to issue preservation, which have not yet been addressed by this Court.[1] Nevertheless, prevailing law as established by the highest appellate court to have considered the issue embodies the waiver position, *see AT & T v. WCAB (DiNapoli)*, 816 A.2d 355, 359 (Pa.Cmwlth.2003), and this case was neither framed nor taken to serve as a vehicle to revisit this holding. Accordingly, I conclude that the Commonwealth was bound to lodge a petition for allowance of appeal to preserve its position that Appellant was properly exposed to resentencing up to the statutory maximum term on remand.

On the substantive legal issue involved, my position is in alignment with the majority's, although my reasoning would proceed more along the lines of that of Judge Klein as set forth in *Commonwealth v. Fusselman*, 866 A.2d 1109 (Pa.Super.2004). Principally, I believe that the analysis should give some account for the fact that imposition of a sentence exceeding that which is contemplated in the plea agreement is not in strict conformity with the statutory requirement that "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing," 42 Pa.C.S. § 9771(b), since the trial court would not previously have had

1. As I indicated recently in a concurring opinion,

[O]n the one hand, a remand directive bears the hallmarks of an interlocutory decision, as the matter is being returned to the adjudicatory level for production of a record (or supplemental record) predicate to any further appellate review. In light of the potential interdependence of issues, and since at least one issue material to the outcome of the case remains to be decided, concerns for fairness and efficiency militate against requiring a potentially interim and unnecessary appeal. On the other hand, there are instances ... in which the intermediate appellate court's resolution of issues and arguments may integrally affect the scope of the proceedings on remand, thus militating in favor of requiring any contest to [be asserted, at least in the first instance,] prior to the effectuation of the remand.

*Commonwealth v. DiNicola*, 581 Pa. 550, 581 n. 9, 866 A.2d 329, 348 n. 9 (2005) (Saylor, J., concurring).

the option of sentencing outside the terms of the agreement without offering the defendant the opportunity to withdraw the plea.[2] As Judge Klein notes, however, strict adherence to the statutory language would lead to absurd results, since, for example, imposition of a term of incarceration would be unavailable on resentencing where the plea agreement did not contemplate a term of incarceration. *See Fusselman,* 866 A.2d at 1113.

On a final note, while the general rule announced by the Court could implicate proportionality concerns, especially on such occasions where the defendant has served a substantial portion of the original sentence and probation is revoked for technical violations,[3] it appears that the Superior Court is taking appropriate measures in this context. *See, e.g., Sierra,* 752 A.2d at 913 ("On appeal from a revocation proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation.").[4]

**2.** In this regard, the plea agreement expressly provided that "if the judge does not go along with the plea bargain or agreement [the defendant] can withdraw [his] guilty plea and have a trial before a judge and jury or a judge alone." Written Guilty Plea Colloquy, 1/26/96, at 1.

**3.** Technical violations are essentially non-criminal in nature, *see, e.g., Commonwealth v. Sierra,* 752 A.2d 910, 912 (Pa.Super.2000) (noting that "the probation violation was technical and did not involve a new criminal offense"), and need only be proven by a preponderance of the evidence. *See Commonwealth v. Gochenaur,* 331 Pa.Super. 187, 480 A.2d 307 (1984). Upon violation of probation, "the court is ... free to impose any sentence permitted under the Sentencing Code", Majority op. at 7, and thus, challenges to resentencing after revocation of probation would not be appeals of right, assuming the new sentence was within the bounds of that which the court could have originally imposed. *See Commonwealth v. Brown,* 741 A.2d 726, 734 (Pa.Super.1999) (*en banc*). As the relevant appeal would be to the discretionary aspects of the sentence, several impediments to review would arise. *See* 42 Pa.C.S. § 9781(b).

**4.** It also bears mention that, in the present case, there are potential due process concerns regarding notice, as Appellee may have been unaware at the time that he entered his plea that he could be resentenced to the maximum term upon violation of probation, particularly since the law surrounding revocation of probation in this context was relatively

uncertain at the time of the plea's entry. *See, e.g., Commonwealth v. Adebaike*, 846 A.2d 759, 761 (Pa.Super.2004) (recognizing criticism of *Anderson*, but holding that it constitutes "binding authority"). While I acknowledge that the sentencing judge did state at the VOP hearing that "I think we told you that it would not be a good idea for you to come back," N.T., 1/12/00, at 9, and "[t]he effective sentence that you have received today ... is what I told you would get if you came back," N.T., 1/21/00, at 11, any statements to that effect are absent from the record of the plea colloquy. *See* N.T., 1/26/96. In any event, this case is not the proper vehicle to address the notice issue, since Appellee has not raised it.