J-A27041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JUSTIN JAMES STOLLENWERK, | : | |
| | : | |
| Appellee | : | No. 164 WDA 2014 |

Appeal from the Order entered on January 9, 2014
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s): CP-02-CR-0002443-2009;
CP-02-CR-0002444-2009

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:      **FILED OCTOBER 10, 2014**

The Commonwealth of Pennsylvania appeals from the Order directing that Justin James Stollenwerk ("Stollenwerk") is not required to register with the Pennsylvania State Police as a sexual offender for his lifetime, pursuant to the Sex Offender Registration and Notification Act ("SORNA"),[1] because his underlying negotiated guilty plea agreement provided for a ten-year registration period. We reverse and remand for the trial court to impose the lifetime registration period pursuant to SORNA.

In March 2009, the Commonwealth charged Stollenwerk, at docket No. 2444-2009,[2] with indecent assault of a minor less than thirteen years of age

---

[1] **See** 42 Pa.C.S.A. § 9799, *et seq.*

[2] The charges of which Stollenwerk was convicted at docket No. 2443-2009 are not relevant for purposes of this appeal.

and corruption of minors. On October 21, 2009, Stollenwerk pled guilty to indecent assault of a minor less than thirteen years of age.[3]

Notably, Stollenwerk's guilty plea was the result of a negotiated agreement. In exchange for Stollenwerk's plea, the Commonwealth agreed that it would withdraw the corruption of minors charge and recommend a sentence of five years of probation. Moreover, at the time of Stollenwerk's plea, the offense of indecent assault of a minor less than thirteen years of age required a period of sexual offender registration of ten years under Megan's Law II.[4] At the guilty plea hearing on October 21, 2009, the prosecutor noted this fact on the record, and Stollenwerk stated that he understood the ten-year registration term of his plea agreement. *See* N.T., 10/21/09, at 4-5. On the same day, the trial court judge, the Honorable Donald E. Machen ("Judge Machen"), sentenced Stollenwerk, pursuant to the plea agreement, to five years of probation, and advised him that he must register as a sexual offender for ten years. *See id.* at 4-5; *see also* Sentencing Order, 10/21/09 (providing as follows regarding registration: "Megan's Law = 10 year reg."). Stollenwerk did not appeal his judgment of sentence.

---

[3] *See* 18 Pa.C.S.A. § 3126(a)(7).

[4] *See* 42 Pa.C.S.A. § 9795.1(a)(1). This statutory provision expired in December 2012, and was replaced by the provisions of SORNA. *See* 42 Pa.C.S.A. § 9799.41.

Importantly to this appeal, in January 2011, the trial court revoked Stollenwerk's probation following a violation,[5] and sentenced him to one to two years in jail, followed by three years of probation. Stollenwerk did not appeal this sentence.

Effective on December 20, 2012, the legislature enacted SORNA, which applies, *inter alia*, to "[a]n individual who, on or after the effective date of this section, is, as a result of a conviction for a sexually violent offense, … being supervised by the Pennsylvania Board of Probation and Parole …." 42 Pa.C.S.A. § 9799.13(2); **see also id.** § 9799.14(d)(8) (including indecent assault of a minor less than thirteen years of age as a sexually violent offense). In approximately October 2013, Stollenwerk received notification that, under the new provisions of SORNA, he was required to register as a sexual offender for life,[6] rather than the ten-year period previously imposed as part of his guilty plea agreement.

On October 21, 2013, Stollenwerk filed a "Petition Seeking Enforcement of a Plea Agreement" (hereinafter "Petition to Enforce"), arguing that the ten-year registration period was an essential term of his plea agreement, and it must be specifically enforced. In other words,

---

[5] The record contains no details regarding Stollenwerk's probation violation.

[6] Under SORNA, a conviction for indecent assault of a minor less than thirteen years of age is designated as a "Tier III sexual offense," subjecting a defendant to a lifetime registration requirement. 42 Pa.C.S.A. § 9799.14(d)(8); **id.** § 9799.15(a)(3). Although an amendment to SORNA was enacted on March 14, 2014, the amended version retains the lifetime registration requirement.

Stollenwerk sought to avoid the retroactive application of the SORNA lifetime registration requirement. The Commonwealth filed an Answer asserting that the Petition to Enforce must be treated as a Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"),[7] and that Stollenwerk was not entitled to collateral relief because the Petition to Enforce was not filed within the jurisdictional time limitations of the PCRA.[8]

Shortly thereafter, Stollenwerk's counsel brought to Judge Machen's attention this Court's recently issued decision in **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa. Super. 2013) (*en banc*). In that case, the Court held that the length of the required statutory period for sexual offender registration may constitute an enforceable component of a plea agreement. **Id.** at 450 (where the defendant had specifically negotiated with the Commonwealth to withdraw all sexual offense charges that required registration in exchange for his guilty plea, holding that requiring him to

---

[7] **See** 42 Pa.C.S.A. §§ 9541-9546.

[8] We observe that Stollenwerk's Petition to Enforce did not, in fact, fall under the provisions of the PCRA. This Court has held that a petition seeking enforcement of a plea agreement, which includes a sexual offense that requires the defendant to register as a sex offender, does not fall under the PCRA and is not subject to the PCRA's timeliness requirements. **Commonwealth v. Bundy**, 96 A.3d 390, 394 (Pa. Super. 2014) (collecting cases and holding that "the statutory and rule-based requirements governing a PCRA petition do not apply to a challenge to the retroactive application of [SORNA], but [] this Court has jurisdiction to review orders confirming or rejecting a retroactive registration requirement."); **Commonwealth v. Partee**, 86 A.3d 245, 247 (Pa. Super. 2014) (holding that a challenge to the retroactive application of SORNA "[did] not fall within the scope of the PCRA and should not be reviewed under the standard applicable to the dismissal of PCRA petitions.").

register as a sexual offender by retroactively applying SORNA would unfairly deprive him of the benefit of his plea bargain).

On January 9, 2014, Judge Machen issued an Order granting the relief Stollenwerk sought in the Petition to Enforce, stating as follows:

> [Stollenwerk] is required to register for ten (10) years ONLY as a sex offender under … SORNA.  Application of the statute to [Stollenwerk] subsequent to the date of the plea agreement violates due process of law, fundamental fairness, and provisions of the negotiated plea agreement entered into between [Stollenwerk] and the government.  It would also destroy the process of negotiated plea agreements essential to the efficient disposition of criminal cases in Allegheny County. This Order is entered under the same rational[e] as set forth in [] **Ha[i]nesworth**[**, supra**], decided on December 12, 2013.

Order, 1/9/14, at 2 (paragraph breaks and numbering omitted).

The Commonwealth timely filed a Notice of Appeal.  In response, Judge Machen ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The Commonwealth timely filed a Concise Statement, after which Judge Machen issued a Pa.R.A.P. 1925(a) Opinion, stating as follows:

> During the writing of this Opinion, two decisions have been published by the Superior Court[,] which elaborate [upon] and clarify the **Hainesworth** holding.  Based upon the most recent case, [] **Partee**[**, supra**], decided on February 20, 2014, it [is] now this court's Opinion that the fact that [Stollenwerk] had violated his probation distinguishes the instant case from that of **Hainesworth**[,] and that "having failed to abide by the terms of the plea bargain, that agreement is no longer in effect, and hence, [Stollenwerk] is not entitled to specific performance. **Hainesworth** is not controlling."  [] **Partee**, [86 A.3d at 250].

Trial Court Opinion, 2/26/14, at 2.

On appeal, the Commonwealth presents the following issues for our review:

I. Whether the court below correctly concluded that its initial [January 9, 2014] Order, entered in reliance on [the] Superior Court's Opinion in … **Hainesworth**, could not stand in that the circumstances of this case were governed by the Court's subsequent Opinion in [] **Partee**, which distinguished **Hainesworth** in a case where the defendant had violated the probation imposed under his plea agreement?

II. Whether no relief is available for a defendant whose Megan's Law registration requirement is changed due to statutory changes, in that the registration requirement is a collateral consequence of conviction?

Brief for the Commonwealth at 5.

Because the Commonwealth's issues implicate a pure question of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Raban**, 85 A.3d 467, 468 (Pa. 2014).

The Commonwealth contends that Judge Machen correctly opined in his Pa.R.A.P. 1925(a) Opinion that, pursuant to **Partee**, Stollenwerk is not entitled to specific enforcement of the ten-year sexual offender registration period, as agreed to in his negotiated plea agreement, because his subsequent violation of his probation abrogated the plea agreement. **See** Brief for the Commonwealth at 20-21. We agree, and conclude that **Partee** controls our disposition.

In **Partee**, the appellant entered a negotiated *nolo contendere* plea to several sexual offenses, including indecent assault of a minor less than

thirteen years of age. ***Partee***, 86 A.3d at 246. The trial court sentenced the appellant to six months of intermediate punishment, followed by four years of probation. ***Id.*** At the time of the plea, the indecent assault of a minor less than thirteen years of age charge carried a ten-year sexual offender registration period. ***Id.*** at 248-49.

A few years after entering his plea, the appellant violated his probation and was resentenced. ***Id.*** at 246. Following the enactment of SORNA, the appellant received notification that pursuant to the statute, he was now required to register as a sexual offender for life, rather than the ten-year period imposed in connection with his plea agreement. ***Id.*** In response, the appellant filed a "petition for *habeas corpus* and/or seeking enforcement of a plea agreement," seeking to avoid the retroactive application of the SORNA registration requirements. ***Id.*** The trial court treated the appellant's filing as a PCRA petition and dismissed it, after which the appellant filed an appeal to this Court. ***Id.***

As an initial matter, the ***Partee*** Court held that the trial court improperly treated the appellant's petition to enforce the plea agreement as a PCRA petition. ***Id.*** at 247. In addressing whether the appellant was entitled to specific enforcement of the ten-year registration period, this Court first observed that "[w]hile [the ten-year registration period] was not an explicit term of the negotiated plea, it is apparent that [a]ppellant's negotiated plea agreement was structured so that he would only be subject

to a ten-year rather than a lifetime reporting requirement …." **Id.** at 249. The Court stated that "[u]nder our reasoning in **Hainesworth**, [a]ppellant arguably would be entitled to the benefit of that bargain." **Id.** Nonetheless, the Court held that the appellant was not entitled to specific performance because *he had abrogated his plea agreement by violating his probation*. **Id.** at 249-50. In so holding, the Court agreed with the Commonwealth's argument that

> [a]ppellant cannot seek specific performance of the underlying plea agreement[,] as there is no longer a plea bargain to enforce. [The Commonwealth] cites **Commonwealth v. Parsons**, 2009 PA Super 66, 969 A.2d 1259 (Pa. Super. 2009) [(*en banc*)], for the proposition that "where the original sentence evolved from a plea bargain, and a defendant later violates his parole or probation, the defendant has effectively abrogated the underlying plea bargain." **Id.** at 1270 n.6. "[U]pon revocation [of probation,] the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" 42 Pa.C.S. § 9771[(b)].
>
> As our Supreme Court held in **Commonwealth v. Wallace**, 582 Pa. 234, 870 A.2d 838, 842-43 (Pa. 2005), where probation is violated, the trial court is free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor.

**Partee**, 86 A.3d at 249-50. The **Partee** Court concluded that, "having failed to abide by the terms of the plea bargain, [the appellant's plea] agreement is no longer in effect, and hence, [a]ppellant is not entitled to specific performance. **Hainesworth** is not controlling." **Id.** at 250. As a

result, the Court ruled that the appellant was required to register as a sexual offender for life under SORNA. *Id.*[9]

Like the situation in *Partee*, Stollenwerk violated his probation after the trial court had sentenced him pursuant to the guilty plea agreement, and, also pursuant to the plea agreement, imposed a ten-year registration requirement.[10] *See* N.T., 10/21/09, at 4-5. Stollenwerk effectively abrogated the plea agreement by violating his probation, and he is therefore not entitled to the benefit of the ten-year registration period contemplated within the plea agreement; rather, Stollenwerk must register as a sexual offender for life, pursuant to SORNA. *See Partee*, 86 A.3d at 249-50.

We are unpersuaded by Stollenwerk's attempts to avoid the application of *Partee*. Stollenwerk points out the panel in *Partee's* observation that "[the a]ppellant [did] not address the Commonwealth's argument or the legal effect of his probation violation upon the original plea agreement." Brief for Appellee at 7 (quoting *Partee*, 86 A.3d at 250). The Court's observation in this regard is irrelevant and does not negate its clear holding that, because the appellant had violated his probation, he thereby abrogated his plea agreement and was not entitled to specific performance

---

[9] The Supreme Court of Pennsylvania denied allowance of appeal in *Partee* on July 17, 2014. *Commonwealth v. Partee*, 2014 Pa. LEXIS 1748 (Pa. 2014).

[10] Under *Partee*, it is of no moment that the ten-year registration period in this case was not an explicit term of Stollenwerk's negotiated plea. *Partee*, 86 A.3d at 249.

of the ten-year registration period that was part of the plea agreement. **Partee**, 86 A.3d at 249-50.

Finally, concerning the Commonwealth's second issue on appeal, we, like the Court in **Hainesworth**, decline the Commonwealth's invitation to specifically address whether sexual offender registration requirements under SORNA must be viewed as collateral consequences of a conviction. **See Hainesworth**, 82 A.3d at 448, 449 n.4 (stating that "we do not reach the question of whether the registration requirement contained in SORNA is a collateral consequence of Hainesworth's conviction[,]" as "the dispositive question is whether registration was a term of the bargain struck by the parties to this appeal."); **see also Nase**, 2014 PA Super 194, at *15 (stating that "**Hainesworth** demonstrates that the collateral consequence construct does not eliminate the requirement that courts enforce bargained-for exchanges where the parties negotiate over a collateral consequence of a plea.").

Based upon the foregoing, we reverse the January 9, 2014 Order directing that Stollenwerk must register as a sexual offender for only ten years pursuant to his plea agreement, and remand the case for the trial court to impose the lifetime registration requirement pursuant to SORNA.

Order reversed; case remanded for further proceedings consistent with this Memorandum; jurisdiction relinquished.

J-A27041-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014