J. S84036/18
J. S84037/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JERAM GEORGE RAMSAY, | : | No. 753 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 11, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0007581-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JERAM GEORGE RAMSAY, | : | No. 928 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 11, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0007944-2014

BEFORE:  BENDER, P.J.E., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 22, 2019**

In this consolidated appeal, Jeram George Ramsay appeals from the January 11, 2018 judgments of sentence entered in the Court of Common Pleas of Delaware County at Docket Nos. CP-23-CR-0007581-2017 ("No. 7581 of 2017") and CP-23-CR-0007944-2014 ("No. 7944 of 2014").

Appellant entered a negotiated guilty plea at No. 7851 of 2017 to 1 count each of simple assault and terroristic threats[1] and received 3 to 23 months of incarceration followed by 1 year of probation. At the time of his arrest in connection with the charges giving rise to his negotiated guilty plea at No. 7851 of 2017, appellant was serving a term of probation at No. 7944 of 2014 for his conviction of possession with intent to deliver a controlled substance ("PWID").[2] As a result of the pleas entered at No. 7851 of 2017, the trial court determined that appellant directly violated the terms of his probation at No. 7944 of 2014 and sentenced him to a term of incarceration of 18 to 36 months. After careful review, we vacate appellant's judgments of sentence and remand for further proceedings.

The trial court set forth the following:

> On October 9, 2014, [appellant] was arrested and charged with possession with intent to distribute various controlled substances, including heroin. On April 23, 2015, he entered into a negotiated plea agreement and was sentenced to serve three to 23 months of incarceration followed by two years of probation.
>
> On September 2, 2017, while on probation, the Eddystone Police Department was summoned to the home of Kenneth Rafferty, who accused [appellant] of striking him in the face and throwing his clothing outside into the rain. [Appellant] was charged with simple assault, harassment and disorderly conduct.

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 2706(a)(1), respectively.

[2] 35 P.S. § 780-113(a)(30).

The District Attorney subsequently filed an Information adding Count 2, terroristic threats.

On September 7, 2017, [appellant] was again arrested for intentional possession of heroin. On November 27, 2017, he was convicted and sentenced to three years [of] probation.

On January 10, 2018, the Adult Probation and Parole Services Department issued a **Gagnon II**[3] hearing report in which it charged [appellant] with violating the rules of his probation and recommended that he receive a new sentence of 9 to 23 months effective January 11, 2018.

On January 11, 2018, [appellant] appeared before this Court. His counsel announced her intent "to waive his arraignment, proceed with a Fast-Track Plea as well as a **Gagnon II** Violation . . ." The Assistant District Attorney noted that the case would proceed as "a Negotiated Guilty Plea to Count 1, Simple Assault, a Misdemeanor of the Second Degree" and that the "recommended sentence" would be "3 months to 23 months." The "Negotiated Guilty Plea" to Count 2, terroristic threats would result in a sentence of one[ ]year of probation, which would run consecutive to Count 1. The remaining counts would be dismissed.

Defense counsel questioned her client, who confirmed his assent to the negotiated plea agreement and his understanding of the terms of the four-page Guilty Plea Statement. Said Statement contained the following provision, next to which [appellant] placed his initials:

---

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973); **see also Commonwealth v. Ferguson**, 761 A.2d 613 (Pa.Super. 2000) (explaining that when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (**Gagnon I** hearing) of probable cause to believe violation was committed, and upon finding of probable cause, a second, more comprehensive hearing (**Gagnon II** hearing) follows before the trial court makes final revocation decision).

____ 20. If I was on probation or parole at the time the crimes to which I am pleading guilty or *nolo contendere* were committed, my plea(s) in this case mean that I have violated my probation or parole and I can be sentenced to jail for that violation in addition to any sentences which I may receive as a result of these pleas.

This Court then questioned [appellant], asking him whether he understood that if he were to "plead guilty in these cases, it's going to be a violation of parole or probation." [Appellant] expressed both his understanding and his assent. This Court then accepted the plea and sentenced [appellant] according to its terms.

At the ensuing Violation of Probation hearing, the Assistant District Attorney represented, and defense counsel agreed, that [appellant] stipulated "to Time, Date, Notice and the Violation and agree[d] to let [this Judge] hear this case instead of Judge Capuzzi, his original sentencing judge." Deputy Hibberd repeated the *Gagnon II* report's recommendation that [appellant] receive a new sentence of 9 to 23 months, but with an effective date of September 7, 2017. [Appellant] advised the Court that in 2017, he was charged and convicted for the second time with possession of heroin.

Upon learning that [appellant] had two heroin-related convictions, this Court rejected the Probation Department's recommendations. [Appellant] insisted that since being incarcerated, he has not used heroin. He denied ever having undergone any drug treatment. Defense counsel asked that this Court abide by the Probation Department's recommendations but add a requirement that [appellant] complete PREP 1 and 2 programs. This Court rejected that proposal and,

> instead, sentenced [appellant] on Count 4 of the 2014 charges to a term of incarceration of 18 to 36 months, no RRRI, with credit for time served from September 7, 2017.
>
> Defense counsel then filed a Motion to Withdraw the Negotiated Guilty Plea, in which she alleged that [appellant's] assent was based upon the recommendations of the Office of Adult Probation and Parole that he be sentenced to nine to 23 months [of] incarceration. She charged this Court with imposing an 18-36-month sentence without first giving her the opportunity to call witnesses, whom she failed to identify. She asserted that [appellant] did not knowingly, voluntarily and intelligently enter into the plea agreement. Defense counsel also filed a Motion to Vacate Sentence, in which she argued that if the Motion to Withdraw the Negotiated Plea were granted, then [appellant] would not be in violation of the terms of his probation on the 2014 charges. This Court denied both motions.

Trial court opinion, 4/19/18 at 1-4[4] (some brackets in original; record citations omitted).

The record reflects that appellant filed timely notices of appeal in both dockets and that the trial court ordered appellant to file statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied, and the trial court then filed its Rule 1925(a) opinions.

On November 9, 2018, the Commonwealth filed an application to consolidate the appeals docketed in this court at No. 753 EDA 2018 and

---

[4] The trial court opinion does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

- 5 -

No. 928 EDA 2018 pursuant to Rule Pa.R.A.P. 513 because both appeals involve the same parties and issue. (Commonwealth's application to consolidate appeals, 11/9/18.) On January 7, 2019, this court entered an order granting the Commonwealth's motion to the extent that both appeals will be disposed of in a single decision. (**Per curiam** order of court, 1/7/19.)

On appeal, appellant claims that the trial court erred in failing to grant his motion to withdraw his negotiated guilty plea at No. 7581 of 2017 because the sentence imposed was not in accordance with the terms of the negotiated plea, and consequently, appellant did not enter the plea knowingly and intelligently.[5] Appellant further complains that the trial court erred in failing to grant his motion to vacate sentence at No. 7944 of 2014 because the sentence imposed for the direct probation violation was

---

[5] Appellant frames this issue as follows:

> Whether the [trial] court erred in failing to grant appellant's motion to withdraw negotiated guilty plea where his plea was not knowing and intelligently entered into due to the [trial] court imposing a sentence not in accordance with the negotiated terms of the plea[?]

Appellant's brief at No. 753 EDA 2018 at 7 (full capitalization omitted).

premised on appellant's entry of an unknowing and unintelligent guilty plea at No. 7581 of 2017.[6]

Significantly, the Commonwealth agrees with appellant that "a manifest injustice occurred and that [appellant] should have been permitted to withdraw his plea because his plea was not knowing and intelligent." (Commonwealth's briefs at 9.) In its brief, the Commonwealth explains that:

> [t]his case presents a unique situation in which a person is induced to plead guilty in an expedited proceeding that combines his sentencing for both his new arrest and his **Gagnon II** resentencing for a probation violation.
>
> Generally speaking, a **Gagnon** court can certainly sentence a defendant to a sentence greater than that which is recommended by Probation and Parole and the Commonwealth. However, in a Fast Track proceeding where the negotiated **Gagnon II** sentence is part and parcel of a defendant's negotiated guilty plea, then a defendant must be given the opportunity to withdraw his guilty plea in accordance with our Supreme Court's holding in [**Commonwealth v.**] **Wallace**, [870 A.2d 838 (Pa. 2004)], should the plea court refuse to accept both negotiated sentences.

---

[6] Appellant frames this issue as follows:

> Whether the [trial] court erred in failing to grant appellant's motion to vacate sentence where the sentence was imposed at a probation revocation hearing based on a direct violation which resulted from a legally deficient guilty plea that was under challenge in a motion to withdraw[?]

Appellant's brief at No. 928 EDA 2018 at 7 (full capitalization omitted).

> [Appellant] in this matter was told by both the Office of Probation and Parole and the Commonwealth that he would be sentenced to nine to 23 months of incarceration at his *Gagnon II* hearing (for his 2014 PWID conviction) if he participated in the Fast Track program and entered a guilty plea to Simple Assault and Terroristic Threats for his 2017 arrest. [Appellant] was only present at the Fast Track proceeding because of agreements between all the parties as to what his sentence would be for both his guilty plea for the 2017 arrest and his *Gagnon II* sentence for the 2014 probation violation. Thus, when the plea court deviated from the negotiated sentence, it erred by refusing to allow [appellant] to withdraw his negotiated plea.

Commonwealth's briefs at 8-9.

In *Wallace*, our supreme court recognized that:

> [i]n the process of negotiating a guilty plea, the prosecutor may make promises to the defendant, for instance recommending a maximum sentence for the crimes committed. Although the prosecutor is bound to act in accordance with those promises, this "in no way binds the presiding judge to the terms of the agreement." *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441, 444, n.4 (Pa. 1976); *see also Commonwealth v. Wilkins*, 442 Pa. 524, 277 A.2d 341, 343 (Pa. 1971) (noting that under a negotiated plea agreement, the defendant "knew that he could not count on the court being bound by the recommendation [of sentence]"). In fact, the presiding judge can still sentence the defendant to any term allowed under the Sentencing Code, provided that the defendant has the chance to withdraw his guilty plea if the judge's sentence is not in accordance with his negotiated agreement. Pa.R.Crim.P. 591(A).

*Wallace*, 870 A.2d 838, 843 n.5.

J. S84036/18
J. S84037/18

Here, although the trial court imposed sentences permitted under the Sentencing Code, the parties agreed that appellant's sentence for the guilty pleas that he entered at Nos. 7581 of 2017 and 7944 of 2014 would be 9 to 23 months. Because the trial court's sentences were not in accordance with the negotiated plea agreement, the trial court erred by not permitting appellant to withdraw his guilty pleas. We are, therefore, constrained to vacate appellant's judgments of sentence at Nos. 7581 of 2017 and 7944 of 2014 and remand for proceedings consistent with this memorandum.

Judgment of sentence imposed at Docket No. CP-23-CR-0007581-2017 vacated. Case remanded. Jurisdiction relinquished.

Judgment of sentence imposed at Docket No. CP-23-CR-0007944-2014 vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/19

- 9 -