J-S44040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RANDY LEE RUDSKI | |
| Appellant | No. 411 WDA 2014 |

Appeal from the Judgment of Sentence December 7, 2012
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0008640-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                 **FILED DECEMBER 16, 2014**

Randy Lee Rudski appeals, *nunc pro tunc*, from the judgment of sentence imposed on December 7, 2012, in the Allegheny County Court of Common Pleas following the revocation of his probation for driving under the influence of narcotics ("DUI").[1]  The trial court imposed a sentence of two and one-half to five years' imprisonment.  On appeal, Rudski raises a single challenge to the discretionary aspects of his sentence.  For the reasons set forth below, we affirm.

The facts and procedural history relevant to this appeal were summarized in a prior decision of this Court as follows:

---

[1] 75 Pa.C.S. § 3802(d)(1).

On April 11, 2011, Rudski was charged with driving under the influence of a controlled substance; the police found him sleeping in a running vehicle on the side of the road while holding a syringe in his hand and possessing stamp bags of heroin. Rudski pled guilty to driving under the influence and the drug possession charges were withdrawn pursuant to a negotiated settlement.[1] As part of his plea agreement, Rudski was sentenced to 18 months of intermediate punishment (IP), followed by 12 months' probation and was placed on electronic monitoring. Rudski was also accepted into the Drug Court Program, which required receiving drug and alcohol evaluations, participating in the Criminality Group, complying with all treatment recommendations and submitting to random urinalysis.

_____

[1] Rudski [later] admitted to using drugs during his pre-plea confinement.

_____

On June 4, 2012, Rudski requested and was granted court permission to attend a Narcotics Anonymous Conference at Robert Morris University from June 15-17, 2012. Rudski later admitted that he attended only 2 hours of the 22½ hour conference. As a result, he was taken into custody, released and then placed back on electronic monitoring. On October 16, 2012, Rudski provided a false urinalysis sample. He was detained, and, after a scheduled probation violation hearing, the court revoked his probation. On December 7, 2012, the court sentenced Rudski to 2½-5 years' incarceration, with credit for time served. On December 14, 2012, Rudski filed a timely motion to modify his sentence, claiming that the court improperly determined he was ineligible for the Recidivism Risk Reduction Incentive (RRRI) program. Rudski then filed [a] timely direct appeal on January 4, 2013.

*Commonwealth v. Rudski*, 87 A.3d 388 (unpublished memorandum at 1-2) (Pa. Super. 2013) (some footnotes omitted).

On appeal, Rudski challenged the discretionary aspects of his probation revocation sentence, claiming the sentence was manifestly

excessive in light of his technical violations. A panel of this Court, however, found that the issue raised on appeal was not included in Rudski's post-sentence motion, and was, therefore, waived. Accordingly, on September 20, 2013, the panel affirmed the judgment of sentence. ***See id.***

On October 31, 2013, Rudski filed a *pro se* PCRA petition.[2] Counsel was appointed, and filed an amended petition on January 6, 2014, claiming prior counsel was ineffective for failing to preserve a challenge to the discretionary aspects of Rudski's probation revocation sentence. On February 18, 2014, the trial court granted Rudski's request for PCRA relief, and directed him to file an amended post-sentence motion within 10 days. Rudski complied with the court's directive, and on March 6, 2014, the trial court denied Rudski relief. This timely appeal followed.[3]

On appeal, Rudski challenges the discretionary aspects of his probation violation sentence. Specifically, he argues the statutory maximum sentence imposed by the trial court was excessive considering the following: (1) he committed only technical violations of his probation; (2) his criminal history included no violent offenses; and (3) he expressed remorse for his actions. Further, he contends he had a very limited period to benefit from probation,

---

[2] Post Conviction Relief Act, 42 Pa.C.S. §§ 9543-9546.

[3] The trial court did not direct Rudski to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

and his addiction problems would be better addressed outside of the prison system.

Where, as here, a defendant challenges the discretionary aspects of his sentence,[4] the right to appeal such a claim is not absolute. Rather, "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal[.]" *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted).

In order to reach the merits of a discretionary aspects of sentencing claim, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted). In the present case, Rudski properly preserved his challenge by filing a timely appeal, raising the claim in a post-sentence motion, and including, in his appellate brief, a statement pursuant to Pa.R.A.P. 2119(f), setting forth the reasons he relies upon for allowance of appeal. We must now determine whether Rudski has presented a

---

[4] "[T]his Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

substantial question that his sentence is inappropriate under the Sentencing Code.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Here, Rudski first contends the statutory maximum sentence imposed upon revocation of his probation was excessive in light of his purely technical violations. Moreover, he argues the trial court failed to consider his rehabilitative needs in imposing the sentence. Both of these claims raise a substantial question for our review. *See Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012) (substantial question found where appellant argued "the trial court imposed an excessive sentence to technical probation violations"), *appeal denied*, 67 A.3d 796 (Pa. 2013); *Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (substantial question found where appellant claimed trial court failed to consider his "rehabilitative needs and the protection of society" in fashioning sentence).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal."

*Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa. Super. 2006) (citation omitted). Upon the revocation of a defendant's probationary sentence, a trial court may impose any sentencing option that was available under the Sentencing Code at the time of the original sentencing, regardless of any negotiated plea agreement. 42 Pa.C.S. § 9771(b); *Commonwealth v. Wallace*, 870 A.2d 838, 843 (Pa. 2005). Section 9771(c), however, limits the trial court's authority to impose a sentence of total confinement upon revocation unless one of three circumstances are present:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Here, Rudski argues the trial court "did not consider all relevant factors of [his] situation, such as [his] rehabilitation needs, the fact that he does not have any crimes of violence on his record and has shown remorse for his actions." Rudski's Brief at 22. Rather, he contends, the court focused on the seriousness of the crime and Rudski's probation violations, all of which were technical in nature. *Id.* Moreover, Rudski asserts the trial court ignored the fact that he had "limited time to fully benefit from probation and the Drug Court Program." Rudski's Brief at 25. Indeed, he explains that the day he was sentenced, May 2, 2012, he failed a drug test because he had used drugs before entering his plea, and was placed back in

jail until May 23, 2012. *Id.* Less than a month later, on June 18, 2012, he was once again incarcerated for lying about attending a NA conference. Although he was released on August 9, 2012, he returned to prison again on October 16, 2012, "for providing a false urinalysis sample." *Id.* He has remained incarcerated since that time. Accordingly, Rudski argues:

> The amount of time he was available to receive drug treatment through Drug Court (approximately four months) is inadequate to reach the conclusion that his probation was ineffective. [Rudski] has a serious drug use problem which requires much longer than four months to rectify. Although it is clear that [Rudski] did not initially follow the order of his probation, both he and the community would be best served if he received another chance to receive treatment and to comply with the Drug Court Program.

*Id.* at 25-26. He also asserts that his rehabilitation needs "would have been best addressed outside of prison[,]" noting that he admitting to using drugs **while he was incarcerated** at the Allegheny County Jail. *Id.* at 24 (record citation omitted).

The trial court, however, viewed the facts leading to Rudski's probation revocation much differently, emphasizing the numerous chances Rudski was afforded before his probation was ultimately revoked, and concluded that a sentence of total confinement was necessary and appropriate. The court opined:

> Here [Rudski] has been provided an opportunity to participate in the Drug Court program. [Rudski] tested positive after he was released from incarceration and admitted he used drugs during confinement. [Rudski] disappeared less than two weeks after he was placed on electronic monitoring. He was given another chance on electronic monitoring but about two

months later he proved a false sample for the urinalysis. [Rudski] was provided many chances to remain on probation in the Drug Court program, but he failed to take advantage of them. The record indicates that this Court properly considered the facts of the crime and the character of the offender before imposing a new sentence. [Rudski's] behavior and continued use of drugs indicated that it is likely that he would commit another drug offense if he was not imprisoned.

Furthermore, a sentence of confinement was necessary to vindicate the authority of the court. [Rudski] continued using drugs, lied, and failed to comply with the terms of [the] drug court program. Incarceration is proper where technical violations are flagrant and indicative of an inability to reform.

Trial Court Opinion, 3/27/2014, at 3-4 (case citations omitted).

Furthermore, the trial court noted that, while the probation revocation sentence of two and one-half to five years' imprisonment was the statutory maximum sentence for Rudski's conviction of DUI,[5] Rudski had entered two additional guilty pleas at the time of his DUI plea, and received no prison or probationary terms for those crimes. Indeed, on May 2, 2012, in addition to the charges in the present case, Rudski entered guilty pleas to two counts of theft, one a first-degree misdemeanor at Docket # 2011-13988 and the other, a second-degree misdemeanor at Docket # 2011-13986. *See* N.T., 5/2/2012, at 4-8. For both charges, he was only directed to pay restitution. *Id.* at 14. However, had he been sentenced consecutively for all three cases, he could have been imprisoned for up to 12 years. Therefore, as the

_____

[5] Rudski's conviction was graded as a first-degree misdemeanor. Therefore, the statutory maximum sentence was five years' imprisonment. *See* 18 Pa.C.S. § 1104(1).

trial court explains in its opinion, the two and one-half to five year sentence "was not manifestly excessive, unreasonable or an abuse of discretion." Trial Court Opinion, 3/27/2014, at 4.

Accordingly, considering all the attendant circumstances, we detect no abuse of discretion on the part of the trial court in imposing a sentence of two and one-half to five years' imprisonment for Rudski's repeated violations of the terms of his probation.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/2014