J-S31028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLYNN TAYLOR HARTMAN | |
| Appellant | No. 1800 MDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001212-2014

----------------------------------------------------------------------------------

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLYNN TAYLOR HARTMAN | |
| Appellant | No. 1801 MDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001353-2012

----------------------------------------------------------------------------------

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLYNN TAYLOR HARTMAN | |
| Appellant | No. 1802 MDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015

In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000364-2013

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 26, 2016**

Ashlynn Taylor Hartman appeals from the judgments of sentence imposed September 16, 2015, in the Franklin County Court of Common Pleas.[1]  The trial court imposed an aggregate sentence of 30 to 72 months' imprisonment, following Hartman's violation of the terms of her probation in three separate cases.  Contemporaneous with this appeal, Hartman's counsel has filed a petition to withdraw from representation and an **Anders** brief.[2]  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  The sole issue addressed in the **Anders** brief is a challenge to the discretionary aspects of Hartman's

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] By order dated November 6, 2015, this Court consolidated the appeals *sua sponte*.  **See** Order, 11/6/2015.

[2] When this appeal originally appeared before this panel, counsel had filed an **Anders** brief without an accompanying petition to withdraw, and without proof that she advised Hartman of her intention to withdraw.  Consequently, we denied counsel's petition to withdraw, and remanded with instructions for counsel, within 30 days of the filing of our memorandum, to either file a petition to withdraw and **Anders** brief, or file an advocate's brief.  **See Commonwealth v. Hartman**, 1800-1802 MDA 2015 (Pa. Super. filed 6/9/2016).  Counsel promptly complied with our directive.

sentence. For the reasons that follow, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The relevant facts and procedural history are as follows. On February 18, 2013, Hartman entered a plea of *nolo contendere* at Docket No. 1353-2012, to one count of possession with intent to deliver a controlled substance.[3] Thereafter, on April 10, 2013, she entered a guilty plea at Docket No. 364-2013, to charges of possession of a controlled substance and possession of paraphernalia.[4] That same day, the trial court sentenced Hartman to a term of 36 months' probation at Docket No. 1353-2012, and two consecutive terms of six months' probation at Docket No. 364-2013. She subsequently violated the terms of her probation in both cases, and was resentenced on August 7, 2013, as follows: (1) at Docket No. 1353-2012, she received a term of three months, 15 days to 23 months' imprisonment, followed by 24 months' probation, and (2) at Docket No. 364-2013, she received a term of 12 months' probation for the possession charge and six months' probation for the paraphernalia charge. Hartman then violated the conditions of her probation a second time, and was resentenced again on May 8, 2014. At both dockets, the trial court reinstated the prior probationary terms. Further, because she violated her parole at Docket No.

---

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

1353-2012, the court directed Hartman to also serve the balance of her prison term.

On November 12, 2014, Hartman entered a negotiated guilty plea at Docket No. 1212-2014, to one count of receiving stolen property,[5] in exchange for which she was sentenced to a term of 12 months' intermediate punishment, with two months of electronic monitoring. However, she violated the terms of her probation once again, and on September 16, 2015, was resentenced in all three cases as follows: (1) at Docket No. 1353-2012, a term of 12 to 36 months' imprisonment for possession with intent to deliver controlled substances; (2) at Docket No. 364-2013, two consecutive terms of six to 12 months' imprisonment for possession of controlled substances and possession of drug paraphernalia; and (3) at Docket No. 1212-2014, a term of six to 12 months' incarceration for receiving stolen property. All the sentences were imposed to run consecutively to each other, and consecutively to a new sentence imposed at Docket No. 6-2015 that same day.[6] Hartman filed identical post sentence motions at each

---

[5] 18 Pa.C.S. § 3925(a).

[6] At Docket No. 6-2015, Hartman pled guilty on August 5, 2015, to charges of possession of a controlled substance and theft. **See** 35 P.S. § 780-113(a)(16), and 18 Pa.C.S. § 3921(a). She was sentenced to a term of six to 24 months' imprisonment for the possession charge, and a consecutive term of two to 12 months' imprisonment for the theft charge. The appeal from that sentence is pending before this Court at Superior Court Docket No. 2027 MDA 2015.

docket, seeking modification of her sentence. The trial court subsequently denied the motions, and these timely appeals followed.[7]

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). Our review of the record reveals counsel has complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny. Notably, counsel completed the following: (1) she filed a petition for leave to withdraw, in which she states her belief that the appeal is wholly frivolous; (2) she filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); (3) she furnished a copy of the **Anders** brief to Hartman; and (4) she advised Hartman of her right to retain new counsel or proceed *pro se*. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, we have received no correspondence from Hartman supplementing the **Anders** brief. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

---

[7] On October 23, 2015, the trial court ordered Hartman to file a concise statement of errors complained of on appeal. Hartman complied with the court's directives and filed three identical concise statements on November 12, 2015.

The sole issue identified in counsel's **Anders** brief challenges the discretionary aspects of her sentences.[8]   A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." **Commonwealth v. Best**, 120 A.3d 329, 348 (Pa. Super. 2015) (quotation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Edwards**, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Counsel complied with the procedural requirements for this appeal by filing post-sentence motions for reconsideration of sentence and timely notices of appeal.  Counsel also included in the **Anders** brief a statement of reasons relied upon for appeal pursuant to **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f).   Therefore, we must consider whether Hartman raised a substantial question justifying our review.

---

[8] "[T]his Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Cartrette**, **supra**, 83 A.3d at 1034.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Here, Hartman contends the sentences were "manifestly unreasonable because the court failed to consider a number of factors and gave too great weight to negative factors, thus imposing too-harsh consecutive sentences." *Anders* Brief at 14. Specifically, she asserts she gave birth only a few weeks prior to sentencing and was "hoping to be able to bond with her child;" and she made positive changes in her life, including a successful period on electronic monitoring and completion of a county day reporting program. *Id.* She states "a reasonable sentence would have consisted of concurrent sentences rather than running each case consecutive to one another." *Id.*

Further, Hartman disputes the trial court's "reliance and emphasis" on two negative factors, namely, that she did not sign up for programming while in county jail, and that she brought Xanax into a treatment facility and distributed it to other patients. *Id.* at 14-15. Hartman explains she had no time to "complete any programming" at the county jail because she had given birth only a few weeks prior to her sentencing, and suspected she

would be sentenced to state time. *Id.* at 15. Moreover, she asserts she had a prescription for the Xanax, and was instructed by her doctor to stay on the medication during her pregnancy. *See id.* Therefore, she claims the trial court improperly relied on these purportedly negative factors.

While a challenge to the imposition of consecutive versus concurrent sentences generally does not raise a substantial question, such a claim may be addressed when the defendant alleges the "aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Moury*, 992 A.2d 162, 171-172 (Pa. Super. 2010). Moreover, although a claim that the sentencing court did not consider certain mitigating factors generally does not raise a substantial question,[9] this Court has held that an "excessive sentence claim[ ] in conjunction with an assertion that the court did not consider mitigating factors[,]" does present a substantial question for our review. *Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015), *quoting Commonwealth v. Dodge*, 77 A.3d 1263, 1272 (Pa. Super. 2013) (*en banc*), *appeal denied*, 91 A.3d 161 (Pa. 2014). Therefore, because we conclude Hartman has nominally raised a substantial question, we proceed to an examination of her argument on appeal.

_____

[9] *Commonwealth v. Rhoades*, 8 A.3d 912, 918-919 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011), *cert. denied*, 132 S.Ct. 1746 (U.S. 2012).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa. Super. 2006) (citation omitted). Upon the revocation of a defendant's probationary sentence, a trial court may impose any sentencing option that was available under the Sentencing Code at the time of the original sentencing, regardless of any negotiated plea agreement. *See* 42 Pa.C.S. § 9771(b); *Commonwealth v. Wallace*, 870 A.2d 838, 843 (Pa. 2005). The only limitation on a court's authority in imposing a probation revocation sentence, is found in Section 9771(c) of the Sentencing Code:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Here, Hartman entered a guilty plea to charges of possession with intent to deliver and theft at Docket No. 6-2015 prior to the resentencing hearing. Therefore, the trial court acted within its discretion in imposing a sentence of total confinement. *See id.* During the sentencing hearing, the trial court noted Hartman had been "afforded a number of treatment times

- 9 -

and opportunities," including an unsuccessful discharge from inpatient treatment in 2013, discipline at a halfway house that same year for drinking and using heroin, further drug-related arrests, and a discharge from an inpatient treatment in 2015 for dealing drugs to other patients. N.T., 9/16/2015, at 5-6. The court commented that she had "been previously afforded four alternative sanctions in lieu of violation proceedings" and during her period of supervision, she had been "charged four separate times with new offenses." *Id.* at 5. The court further observed:

> I cannot fathom the depth of your lack of judgment. You are a child. You have neither the skills nor the ability to conform your conduct to the law, and you apparently, for the last two years, have not taken the trouble you are in seriously, despite the not less than seven times the Adult Probation Department has given you an opportunity to prove that you can stay in this community.

*Id.* at 6-7. The court found "most reprehensible" Hartman's conduct at Clearbrook Lodge, an inpatient substance abuse facility. *Id.* at 7. During her stay, Hartman passed out her prescribed medication to other patients. *See* Commonwealth's Answer to Defendant's Motion Requesting Furlough, 8/11/2015, Exhibit B, Letter from Clinical Direction of Clearbrook Lodge to Hartman's Probation Officer, dated 7/7/2015. The court noted the patients were in treatment to address a problem, and "lo and behold the problem was living among them at the time." N.T., 9/16/2015, at 7.

We find no reason to disturb the sentences imposed by the trial court. Here, the court had the benefit of a pre-sentence investigation report, as well as a probation violation packet. *See supra*, n.3. It is well-settled that

where a trial court had the benefit of a pre-sentence investigation report, we will presume the trial court was "aware of all appropriate sentencing factors and considerations." *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted). The trial court properly considered Hartman's numerous, prior failed attempts at treatment when imposing the sentence herein. Further, our review of the sentencing transcript reveals the court was more troubled by Hartman's repeated violations than her failure to register for any programs in county jail. With respect to Hartman's contention that she had a prescription for the drugs she brought into Clearbrook, we note the court's concern was with the fact that she provided those pills to other patients, not that she took them herself.

Because we agree with counsel's assessment that these appeals are wholly frivolous, we affirm the judgments of sentence and grant counsel's petition to withdraw.

Judgments of sentence affirmed. Petition to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/2016

- 11 -