J-S45025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
    :         PENNSYLVANIA
    :
           v.         :
    :
    :
STEPHEN REID       :
    :
          Appellant     :   No. 109 MDA 2018

Appeal from the PCRA Order January 5, 2018
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0002663-2008

BEFORE:   PANELLA, J., OTT, J., and PLATT[*], J.

MEMORANDUM BY OTT, J.:             **FILED OCTOBER 02, 2018**

Stephen Reid, *pro se*, appeals the order of the Court of Common Pleas of Lackawanna County, entered January 5, 2018, that denied without a hearing his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm the order.  Additionally, we grant Reid's motion seeking leave to supplement his brief.

The relevant facts and procedural history underlying this appeal are as follows.  *See Commonwealth v. Stephen Reid*, 29 A.3d 645 (Pa. Super. 2011) (unpublished memorandum) at 1-3.  In 2008, Reid shot Jaray Pelier. The shooting was witnessed by Dena Smith, but, on the day after the shooting, she was unable to identify Reid from a photographic array.  Reid

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

sought a preliminary ruling as to the admissibility of expert testimony regarding the unreliability of eyewitness testimony, and, based upon the law at that time, the trial court held that such testimony was inadmissible. **See Commonwealth v. Simmons**, 662 A.2d 621 (Pa. 1995); **Commonwealth v. Spence**, 627 A.2d 1176 (Pa. 1993). During trial, Ms. Smith identified Reid as the perpetrator. **Stephen Reid**, 29 A.3d 645 (unpublished memorandum) at 3. A jury convicted Reid of aggravated assault and criminal attempt to commit murder.[2] Reid filed a direct appeal, and this Court affirmed his judgment of sentence. **See Stephen Reid**, 29 A.3d 845. However, the Supreme Court of Pennsylvania granted appeal, vacated this Court's decision, and remanded to the trial court for further proceedings consistent with **Commonwealth v. Walker**, 92 A.3d 766 (Pa. 2014), which held that the admission of expert testimony regarding eyewitness identification was not *per se* inadmissible but was instead subject to the discretionary decision of the trial court, overruling **Simmons**, *supra*, and **Spence**, *supra*. **See Commonwealth v. Stephen Reid**, 96 A.3d 986 (Pa. 2014).

Upon remand, the trial court scheduled a hearing on the application of **Walker** to the present action. Reid waived his right to the hearing and reached an agreement with the Commonwealth regarding the parameters of

---

[2] 18 Pa.C.S. §§ 2702(a)(4) and 901(a), respectively.

*Walker*.  N.T., 11/30/2015, at 3.[3]  The trial court explained to Reid that he had "the absolute right to have this hearing, in which case [the court] may find on [his] behalf, and then . . . would have to have a new trial," and Reid affirmed that he understood.  *Id.*

Immediately thereafter, Reid pleaded guilty to criminal attempt to commit murder of the first degree.[4]  The following colloquy occurred:

> [COMMONWEALTH:      Reid] did shoot the victim, Jaray Pelier in the abdomen in an attempt to cause his death.
>
> THE COURT:      Sir, did you commit that crime?
>
> [REID]:             Yes, your Honor.
>
> THE COURT:      Do you understand for that your maximum sentence could be life, but in this case you and the Commonwealth have made an agreement that would be three and a half to seven years plus seven years' probation?
>
> [REID]:             Yes, your Honor.
>
> THE COURT:      Do you understand that?
>
> [REID]:             Yes, your Honor.
>
> THE COURT:      Do you have any questions about that?
>
> [REID]:             No, your Honor.
>
> THE COURT:      [Defense counsel], after reviewing this with your client, are you satisfied that it's a knowing and willing given

---

[3]  The notes of testimony are labelled as November 3, 2015; however, the docket and all other relevant documents in the record indicate that Reid's guilty plea and sentencing hearing occurred on November 30, 2015.  In order to avoid confusion, we will cite to the notes of testimony as "11/30/2015," to reflect the date that the events actually occurred.

[4]  18 Pa.C.S. § 901(a).

(sic) plea and that he understands the nature and circumstance of both the plea as well as the alternatives for a hearing or trial?

[DEFENSE COUNSEL:]  Yes, sir.

*Id.* at 5-6.  The trial court then sentenced Reid to three years and six months to seven years of confinement followed by seven years of probation.  *Id.* at 6-7.  Reid did not file a direct appeal from that sentence.

On December 28, 2016, Reid timely filed, *pro se*, his first PCRA petition, contending that "[t]he Double Jeopardy Clause bar[ring] successive prosecutions" was violated and that his sentence was illegal, because it was greater than the lawful maximum.  PCRA Pet., 12/28/2016, at 2-3.[5]  On May 3, 2017, the PCRA court appointed counsel to represent Reid.

Meanwhile, on July 25, 2017, having received a report that Reid had violated his probation, the trial court entered an order to detain him.  Order, Detention of a Special Probation Violation, 7/25/2017.

On September 12, 2017, PCRA counsel filed a petition to withdraw and a "no merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  PCRA counsel sent a copy of the "no merit" letter to Reid, along with a cover letter that stated:

> You have the right to raise your own claims with the Court and should forward such, if any, to the Court upon receipt of this letter. . . . You have the right to proceed on appeal without

---

[5]  Reid's *pro se* PCRA petition also references merger of sentences, even though he only pleaded guilty to and was sentenced for one crime, criminal attempt to commit murder of the first degree.  PCRA Pet., 12/28/2016, at 3, 7.

representation or retain private counsel upon receipt of this letter. If you fail to raise any additional claims with the Court on your own, those claims will be waived.

Letter from PCRA counsel, Kurt T. Lynott, Esq., to Steven Reid [sic] (Sept. 11, 2017) ("Letter, 9/11/2017"). Reid did not file a response.

On October 25, 2017, the trial court found Reid in violation of his probation but deferred sentencing until after the "disposition of [a] new offense in Lycoming County[.]" Order, 10/25/2017.

On November 29, 2017, the PCRA court granted counsel's motion to withdraw and entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 notice"), and Reid filed a response[6] in which he asked:

_____

[6] Reid's brief to this Court, the Commonwealth's brief to this Court, and the PCRA court's opinion all stated that Reid had filed a response to the Rule 907 notice. Reid's Brief at 6; Commonwealth's Brief at 3; PCRA Court Opinion, 3/13/2018, at 5.

However, Reid's response to the Rule 907 notice is not listed on the docket and was not included in the certified record originally transmitted to this Court. The docket lists no filings between the Rule 907 notice on November 29, 2017, and the order denying PCRA relief on January 5, 2018. "Omissions like these significantly impair our ability to consider an appeal." *Erie Ins. Exch. v. Moore*, 175 A.3d 999, 1006 (Pa. Super. 2017), *reargument denied* (Jan. 24, 2018), *appeal granted on other grounds*, No. 87 WAL 2018 (Pa. July 10, 2018).

Our Prothonotary contacted the Lackawanna County Clerk of Judicial Records to inquire about Reid's response. The Lackawanna County Clerk then sent this Court Reid's response as part of a supplemental record. Nevertheless, we note that the response does not have a timestamp on it indicating when it was

> It is unclear whether [Reid's] maximum sentence is fourteen years and he only has a total of seven years left to his maximum totaling up to fourteen years with the [e]ight and one half years he already served on his 3 and one half to 7 years? or does he face[] penalty of 20 to 40 years or life imprisonment under the plea bargain that he agreed with the commonwealth for only a stipulated sentence of no more than fourteen years?

Pet'r's Opp'n to Notice of Intent to Dismiss PCRA, 12/9/2017, at 4-5. The response does not directly mention Reid's violation of probation nor does it request to amend his PCRA petition. *See generally id.*

On January 5, 2018, the PCRA court denied the PCRA petition. This timely appeal followed.[7]

On June 6, 2018, Reid filed his brief to this Court, and the Commonwealth filed a responsive brief. On August 8, 2018, Reid filed a motion seeking leave to supplement his brief to this Court, along with a copy of his proposed supplement. We now grant Reid's motion and consider the supplement to his brief to be the equivalent of a reply brief ("Reid's Reply Brief"). *See* Pa.R.A.P. 2113.

---

received by the Clerk. The attached proof of service is dated December 9, 2017, and lists the Clerk of Judicial Records as a recipient.

Despite the lack of a timestamp and the absence of the Rule 907 response on the docket, we will consider the response to be properly filed, because neither the Commonwealth nor the PCRA court have questioned that it was properly made part of the record. *See* Commonwealth's Brief at 3; PCRA Court Opinion, 3/13/2018, at 5.

[7] On January 25, 2018, the PCRA court ordered Reid to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days, and Reid complied on February 9, 2018. On March 13, 2018, the PCRA court entered a responsive opinion pursuant to Pa.R.A.P. 1925(a).

Reid raises the following issue on appeal:

Whether [Reid's] negotiated plea is unlawful inasmuch as [neither] the trial court nor the Commonwealth []ever put [Reid] on notice about re-sentencing to 20 to 40 or life, if he violates probation, wherein such agreement was not a part of the plea agreement or stipulated sentence?

Reid's Brief at 3.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

Reid contends that he "is entitled to specific performance of his plea." Reid's Brief at 9. Reid continues that he "entered into a specific negotiated plea agreement" with the Commonwealth for "a specific sentence[] of 3 and one half to 7 years follow[ed] by 7 years [of] probation, a total of 7 to 14 years in exchange[] for [Reid] waiv[ing] his [c]onstitutional rights to a hearing" concerning the application of *Walker* and to "a subsequent jury trial." *Id.*; *see also id.* at 10 (alleging that trial counsel "negotiated a time served deal with the Commonwealth" in exchange for Reid "waiv[ing] a multitude of his constitutional rights"). Reid argues that he "was under the impression that if he was to violate his probation he would only be subject to serve the remainder of his probation time of seven years." *Id.* at 12.[8]

_____

[8] Reid does not maintain that his trial counsel was ineffective for failing to inform him of the collateral consequences of his guilty plea. *See generally* Reid's Brief; Reid's Reply Brief.

We conclude Reid's sole issue on appeal is waived, because it was not included in his original PCRA petition or any court-approved amended petition. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) ("It is well-settled that 'issues not raised in a PCRA petition cannot be considered on appeal.') (quotation omitted), *appeal denied* , 30 A.3d 487 (Pa. 2011). Nevertheless, a petitioner may raise claims not presented in his original petition if he either (1) requests, and is granted, permission from the PCRA court to file an amended petition,[9] or (2) raises a claim asserting PCRA counsel's ineffectiveness in response to the PCRA court's notice of intent to dismiss pursuant to Pa.R.Crim.P. 907.[10] *See Commonwealth v. Rykard*, 55 A.3d 1177, 1186-1189 (Pa. Super. 2012) (petitioner may raise claim of PCRA counsel's ineffectiveness in response to court's Rule 907 notice), *appeal denied*, 64 A.3d 631 (Pa. 2013). However, "[w]here the petitioner does not seek leave to amend his petition after counsel has filed a *Turner*/*Finley* no-merit letter, the PCRA court is under no obligation to address new issues." *Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa. Super. 2014).

In the present case, Reid did not request permission from the PCRA court to file an amended petition that included the issue now raised on appeal.

---

[9] *See* Pa.R.Crim.P. 905(A).

[10] This exception is inapplicable here because Reid did not raise a claim regarding PCRA counsel's ineffectiveness in his Rule 907 response. *See supra*, at 6.

Furthermore, to the extent Reid presented the claim in his response to the PCRA court's Rule 907 notice, we note that, too, was improper:

> The purpose of a Rule 907 pre-dismissal notice is "to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." **Commonwealth v. Rykard**, 55 A.3d 1177, 1189 (Pa. Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013). The response to the Rule 907 notice "is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment." **Id.** The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level. **Id.**

**Commonwealth v. Smith**, 121 A.3d 1049, 1054 (Pa. Super. 2015), *appeal denied*, 136 A.3d 981 (Pa. 2016). Therefore, Reid's only option to raise a claim concerning the breach of his plea agreement would have been to request leave from the PCRA court to amend his petition. Having failed to do so, the sole issue raised in his brief is waived.

We note that in his reply brief, Reid places the blame for the waiver on PCRA counsel. He states that while counsel informed him he could file additional claims *pro se* after counsel was granted leave to withdraw, counsel failed to explain that Reid had to request permission from the PCRA court to amend his petition. **See** Reid's Reply Brief at 3. However, there is no requirement that appointed counsel requesting to withdraw must advise his client of all of the procedures to follow if the request to withdraw is granted. Rather, all that counsel is required to provide to the petitioner is: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and

**(3) a statement advising petitioner of the right to proceed *pro se* or by new counsel**." ***Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa. Super. 2016) (emphasis added) (citations omitted). In the present case, PCRA counsel provided Reid with the requisite notice. ***See*** Letter, 9/11/2017. Accordingly, Reid is entitled to no relief.[11]

Order affirmed. Motion seeking leave to supplement brief granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/02/2018

---

[11] We note that, even if Reid's claim were not waived for the reasons stated above, Reid provides no background as to when or how he learned of the alleged "breach" of his plea agreement, so that it is unclear whether he had this information before the time for filing a direct appeal expired. ***See*** Reid's Brief at 4-6. Moreover, Reid acknowledges in his brief that, during his plea colloquy, the trial court informed him his "maximum sentence could be life." N.T., 11/30/2015, at 5. ***See also*** Reid's Brief at 6, 8. It is well-settled that "at any revocation of probation hearing, the court is … free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor." ***Commonwealth v. Wallace***, 870 A.2d 838, 843 (Pa. 2005).