J-S20038-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JORDAN MICHAEL SPOONHOUR | : | |
| | : | |
| Appellant | : | No. 1585 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 15, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0000156-2018

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    FILED MAY 31, 2019

Appellant, Jordan Michael Spoonhour, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his negotiated guilty plea to one count of assault by a prisoner.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On September 1, 2016, while incarcerated at SCI-Albion, Appellant and two accomplices attacked Victim, another inmate.  Appellant and his accomplices repeatedly punched, kicked, and jumped on Victim until Department of Corrections' staff intervened.  As a result of the attack, Victim suffered a concussion, as well as bruising to his face and head.  On August 20, 2018,

_____

[1] 18 Pa.C.S.A. § 2703(a).

Appellant entered a guilty plea to one count of assault by a prisoner. In exchange, the Commonwealth agreed to make a sentence recommendation of forty-eight (48) to ninety-six (96) months' imprisonment. The court followed the recommendation and sentenced Appellant accordingly on October 15, 2018. Appellant did not file post-sentence motions, but he timely filed a notice of appeal on November 6, 2018. On the same day, counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an Anders[2] brief. Counsel filed a petition for leave to withdraw as counsel and an Anders brief in this Court on February 12, 2019.

As a preliminary matter, counsel seeks to withdraw her representation pursuant to Anders, supra and Commonwealth v. Santiago, 602 Pa. 159, 978 A.2d 349 (2009). Anders and Santiago require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a pro se brief to raise any additional points the appellant deems worthy of review. Santiago, supra at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. Commonwealth v. Wrecks, 934 A.2d 1287, 1290 (Pa.Super.

_____

[2] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

- 2 -

2007). After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. Commonwealth v. Palm, 903 A.2d 1244, 1246 (Pa.Super. 2006). See also Commonwealth v. Dempster, 187 A.3d 266 (Pa.Super. 2018) (en banc).

In Santiago, supra, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither Anders nor [Commonwealth v. McClendon, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under Anders are references to anything in the record that might arguably support the appeal.
>
>           \*     \*     \*
>
> Under Anders, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

Santiago, supra at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Id. at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed pro se to raise any additional issues Appellant deems worthy of this Court's attention. In the Anders brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might possibly support Appellant's issues. Counsel further states the reasons for the conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of Anders and Santiago.

Appellant has not responded to the Anders brief pro se or with newly-retained private counsel. Counsel raises the following issue on Appellant's behalf:

> WHETHER APPELLANT'S SENTENCE IS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE AND INCONSISTENT WITH THE OBJECTIVES OF THE SENTENCING CODE?

(Anders Brief at 3).

Appellant argues the court abused its discretion by sentencing Appellant to a lengthy period of incarceration even though Appellant took responsibility for his actions and admitted his guilt. Appellant alleges that the objectives of the Sentencing Code could have been achieved without the imposition of such

a lengthy sentence. Appellant concludes his sentence is manifestly excessive. Appellant challenges the discretionary aspects of his sentence. See Commonwealth v. Lutes, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive tests discretionary aspects of sentencing); Commonwealth v. Cruz-Centeno, 668 A.2d 536, 545 (Pa.Super. 1995), appeal denied, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors disputes discretionary aspects of sentencing).

Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing. Commonwealth v. Mann, 820 A.2d 788, 794 (Pa.Super. 2003), appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Evans, 901 A.2d 528, 533 (Pa.Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Additionally, although "a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his...sentence other than to argue that the sentence is illegal or that the sentencing court

did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." Commonwealth v. Tirado, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." Id. at 363 n.1.

When negotiating a plea bargain, if the Commonwealth promises to recommend a certain sentence, then the Commonwealth is bound to recommend that sentence; the recommendation, however, does not necessarily bind the trial court, which can deviate from the recommendation, provided the defendant has the chance to withdraw his guilty plea, unless the defendant has expressly waived the right to withdraw the plea. See, e.g., Commonwealth v. Wallace, 582 Pa. 234, 242 n.5, 870 A.2d 838, 843 n.5 (2005) (citing Commonwealth v. Zuber, 466 Pa. 453, 458 n.4, 353 A.2d 441, 444 n.4 (1976); Commonwealth v. Wilkins, 442 Pa. 524, 528, 277 A.2d 341, 343 (1971)). Moreover, a plea bargain that includes a "sentence recommendation," but no agreement for a "stated term," does not necessarily preclude a challenge to discretionary aspects of sentence. See Commonwealth v. Dalberto, 648 A.2d 16 (Pa.Super. 1994), appeal denied, 540 Pa. 594, 655 A.2d 983 (1995), cert. denied, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 34 (1995).

Instantly, Appellant entered a guilty plea to one count of assault by a prisoner, and the Commonwealth made a sentence recommendation of 48 to

96 months' imprisonment. The court followed the recommendation and sentenced Appellant accordingly. Appellant did not object to the sentence at sentencing or file post-sentence motions. Thus, Appellant waived his sentencing issue. *See Mann, supra.* Here, Appellant entered a guilty plea with a known sentence recommendation, and the court imposed the recommended sentence. Absent more, the judgment of sentence stands. Following an independent review of the record, we agree with counsel that the appeal is wholly frivolous. *See Dempster, supra.* Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2019