J-S54008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                :                PENNSYLVANIA
                :
         v.           :
                :
                :
CHASE M. RANG            :
                :
        Appellant      :    No. 67 MDA 2019

Appeal from the Judgment of Sentence Entered April 18, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001229-2006
CP-54-CR-0001818-2009

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:         **FILED: MARCH 2, 2020**

Chase M. Rang appeals from the judgment of sentence of one to two years of incarceration followed by three years of probation that was imposed following a probation revocation hearing and a successful motion for reconsideration. Appellant's counsel, Robert M. Reedy, Esquire, has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm the judgment of sentence.

Appellant pled guilty to one count each of criminal trespass and criminal conspiracy, along with five counts each of theft by unlawful taking and receiving stolen property, and was sentenced to a term of imprisonment followed by probation supervision. On February 20, 2018, Appellant

appeared for a probation revocation hearing.[1]  At the conclusion of the hearing, Appellant was resentenced to two to four years of incarceration followed by one year of probation.  Appellant, through counsel, filed a motion to modify sentence, which was granted.  On April 18, 2018, the court modified Appellant's sentence to one to two years of incarceration followed by three years of probation.

A *pro se* "post-sentence motion appeal," and request for a **Grazier**[2] hearing followed.  On May 24, 2018, after a hearing, the trial court granted Appellant's request to proceed *pro se*, allowed counsel to withdraw, instructed the clerk of courts to insure that Appellant's motion was correctly docketed as a notice of appeal, and ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement.  In its June 4, 2018 order, the trial court also noted that Appellant

---

[1] Appellant stipulated to the violations alleged by the probation department which included:

> use of illegal controlled substances and fighting with probation officers.  State Parole/Probation Officer Ronald Thompson testified to [Appellant's] history of fighting with officers, use of illegal controlled substances and failure to complete drug and alcohol treatment and community service despite given opportunities to do so.  According to Officer Thompson, on the day of the incident leading to the most recent revocation proceedings [Appellant] admitted using heroin and marijuana and tested positive for such use.  Further, [Appellant] had resisted arrest.  In addition, [Appellant] also possessed illegal drugs that day which Officer Thompson believed were heroin and methamphetamine.

Trial Court Opinion, 7/6/18, at 2 n. 1.

[2] **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998).

had included the case caption for CP-54-CR-1818-2009[3] on his notice of appeal, but had clarified that he only intended to challenge his conviction at the 2006 case. Appellant filed a concise statement of errors complained of on appeal, and on July 6, 2018, the trial court filed its opinion.

On September 17, 2018, we quashed Appellant's direct appeal because his notice of appeal was not timely filed. Appellant filed a *pro se* PCRA petition seeking the reinstatement of his direct appeal rights, which was granted on November 30, 2018.

On January 2, 2019, Appellant filed a *pro se* notice of appeal, again including CP-54-CR-1818-2009 in his case caption. The trial court ordered Appellant to file a new Pa.R.A.P. 1925(b) concise statement. In his statement, Appellant again referenced the sentence imposed at the 2009 case, but only to the extent necessary to challenge how his sentence imposed at this case had been aggregated with the sentence previously imposed at the 2009 case. He did not contest any aspect of the case listed at CP-54-CR-1818-2009.

On February 22, 2019, this Court issued a rule to show cause why the appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), since Appellant filed one notice of appeal that included two docket numbers. Appellant did not file a response to our rule to show

---

[3] The 2009 case was heard before a different judge and involved separate statutory sexual assault and related charges. On May 10, 2010, that trial court sentenced Appellant to serve two to four years of incarceration consecutive to the sentence of incarceration Appellant was already serving at the instant case. As a result of the consecutive sentence imposed, the department of corrections aggregated Appellant's two sentences.

cause. On March 13, 2019, the trial court filed its opinion, in which it acknowledged that Appellant had included CP-54-CR-1818-2009 and that it was not the presiding judge in that case.

On May 24, 2019, Appellant filed an application requesting the appointment of counsel to represent him on appeal. On June 11, 2019, the trial court acceded to Appellant's request and appointed aforementioned counsel. In this Court, in lieu of an advocate's brief, counsel filed an **Anders** brief and a petition to withdraw. In the brief, counsel concluded that the **Walker** decision required this Court to quash Appellant's appeal because he listed two docket numbers on his sole notice of appeal. Relying on **Commonwealth v. Sayles**, 2019 WL 2353469 (Pa.Super. June 4, 2019)(unpublished memorandum at *3), we disagreed with Appellant's conclusion that **Walker** necessitated quashal, since Appellant's contentions concerned only the sentence imposed at CP-54-CR-1229-2006. Accordingly, we denied counsel's petition to withdraw and remanded with instructions for counsel to either file an advocate's brief or another **Anders** brief and petition seeking to withdraw.

On January 14, 2020, counsel filed a second **Anders** brief.[4] This filing triggers specific requirements.

> Direct appeal counsel seeking to withdraw under **Anders** must file
> a petition averring that, after a conscientious examination of the

---

[4] On January 9, 2020, Appellant's counsel filed an application for an extension of time to file the appropriate brief. We grant Appellant's motion and, as a result, consider the **Anders** brief that he filed.

- 4 -

record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

**Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super. 2007). Our

Supreme Court has also clarified portions of the **Anders** procedure:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361. If counsel has met these obligations, "it then

becomes the responsibility of the reviewing court to make a full examination

of the proceedings and make an independent judgment to decide whether the

appeal is in fact wholly frivolous." **Id**. at 354 n.5.

Based upon our examination of counsel's petition to withdraw and

**Anders** brief, we conclude that counsel has substantially complied with the

technical requirements set forth above. Counsel set forth the case history,

referred to two issues that arguably support the appeal, stated his conclusion

that the appeal is frivolous, and cited to controlling case law which supports

that conclusion. **See Anders** brief at 5-21. Additionally, counsel gave

Appellant proper notice of his right to immediately proceed *pro se* or retain another attorney.[5]  *See Santiago*, *supra*; *Anders* brief exhibit E, letter to Appellant, 1/14/2020.   Accordingly, we proceed to an examination of the issues raised to discern if they are frivolous.  *Commonwealth v. Dempster*, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

Counsel identified two issues that arguably support this appeal:  (1) Appellant's sentence is illegal, and (2) counsel was ineffective failing to file a direct appeal.  *Anders* brief at 5.[6]

First, we consider Appellant's allegation that his sentence is illegal because it exceeded the maximum sentence allowed by law.  We do so mindful that our standard of review regarding an issue relating to the legality of a sentence is *de novo*, and our scope of review is plenary.  *Commonwealth v. McKown*, 79 A.3d 678, 691 (Pa.Super. 2013).

The revocation of probation places a defendant in the same position that he was in at the time of his original sentencing.  *See Commonwealth v. Wallace*, 870 A.2d 838, 842-43 (Pa. 2005); *see also* 42 Pa.C.S. § 9771(b) ("Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing.").   While a resentencing court in a probation revocation proceeding does not need to

---

[5] Appellant did not file a response to counsel's petition.

[6] While phrased as three separate claims in his statement of issues, counsel has actually only raised the two distinct issues detailed above.

consult the sentencing guidelines, the sentence imposed must not exceed the maximum term for which the defendant could be confined. ***Commonwealth v. Crump***, 995 A.2d 1280, 1285 (Pa.Super. 2010). This means that where the sentencing court gives a new split sentence, the period of incarceration combined with the term of probation cannot exceed the statutory maximum. ***See*** 42 Pa.C.S. § 9754.

In this case, Appellant received a sentence of one to two years of incarceration followed by three years of probation for his criminal trespass conviction, a second-degree felony. The maximum sentence allowed by law for a second-degree felony is ten years of imprisonment and a $25,000.00 fine. 18 Pa.C.S. § 1103. Therefore, Appellant's sentence does not exceed the statutory maximum, and his claim to the contrary is frivolous.

Second, Appellant wishes to attack his sentencing counsel's failure to file a requested direct appeal. However, Appellant has already successfully litigated this issue through a PCRA petition, which resulted in the reinstatement of his direct appeal rights *nunc pro tunc*, along with our receipt and review of the ***Anders*** brief that is currently before us. Thus, the issue of counsel's failure to file a requested direct appeal is moot. Also, to the extent Appellant wishes to challenge current counsel's decision to file an ***Anders*** brief, this is not the appropriate venue to do so. ***See Commonwealth v. Holmes***, 79 A.3d 562, 598 (Pa. 2013) (holding that, absent certain specified

circumstances, claims of ineffective assistance of counsel should be deferred to PCRA review).  Accordingly, Appellant's second claim is also devoid of merit.

Further, we have conducted a "full examination of the proceedings" and determined that "the appeal is in fact wholly frivolous."[7]  ***Commonwealth v. Flowers***, 113 A.3d 1246, 1248 (Pa.Super. 2015).  Since our review did not disclose any other arguably meritorious claims, we grant counsel's petition to withdraw and affirm the judgment of sentence.  ***Dempster***, ***supra*** at 273.

Petition of Robert M. Reedy, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:03/02/2020

---

[7] We undertook our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed."  ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014).  No viable claims or defenses on those subjects are apparent from the record before us.