J-A12033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
                                                :

                  v.                              :

DARRON DARRELL JAVAN GIBSON     :

             Appellant         :    No. 912 WDA 2021

Appeal from the Judgment of Sentence Entered July 1, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000421-2016

BEFORE:  MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:           **FILED: MAY 20, 2022**

Darron Darrell Javan Gibson (Appellant) appeals from the judgment of sentence entered by the Court of Common Pleas of Cambria County, following the revocation of his probation imposed following a 2017 guilty plea to flight to avoid apprehension, resisting arrest, public drunkenness, and possession of controlled substance.[1]  On appeal, Appellant challenges the discretionary aspects of his sentence.  Based on the following, we affirm.

Appellant's original sentence stems from a 2016 motor vehicle stop, where police, after a pat-down search, found heroin on Appellant's person.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 5126(a), 5104, and 5505, and 35 P.S. § 780-113(a)(16), respectively.

*See* Affidavit of Probable Cause, 2/19/16, at 1. Following discovery of the contraband, Appellant pushed the officer and attempted to flee. *See id.* An officer then tased Appellant, but he still resisted and continued to flee until additional officers detained him. *See id.* He was arrested and charged with multiple crimes related to the incident.

On March 15, 2017, Appellant pleaded guilty to the above-mentioned offenses. There was no agreement as to the sentence, but all remaining charges were to be *nol processed* 31 days after sentencing unless Appellant filed an appeal. *See* Trial Ct. Op., 11/19/21, at 1. On May 24, 2017, the court sentenced Appellant as follows: (1) flight to avoid apprehension conviction – a period of 15 to 30 months' county prison followed by 54 months of county probation; (2) resisting arrest conviction – a period of six to 24 months' county prison, to be served concurrently; and (3) possession of a controlled substance conviction – a period of 12 to 30 months' county prison, to be served concurrently. The court ordered Appellant to pay costs of prosecution as to the public drunkenness conviction but imposed no further penalty. *See id.* at 2.

On February 20, 2019, Appellant "was released to dual diagnosis, long term in-patient treatment and was successfully released from the program on April 16, 2019." *See* Trial Ct. Op. at 2. By order entered on October 15, 2020, Appellant was permitted to serve the remainder of his sentence on

house arrest with work release, due to his obtaining employment and Covid-19 mitigation efforts at the county prison. *See id.*

On July 1, 2021, the court held a probation violation hearing, during which Cambria County Probation Officer Toni White testified that Appellant had a prior violation hearing on April 26, 2021. At that proceeding, he was found to be in violation and was sentenced to attend County Day Reporting Center (DRC) program for drug treatment. *See* Trial Ct. Op. at 2-3. "White testified that while attending the DRC program[, Appellant] had: failed two check-ins; missed three scheduled assessments; and had positive drug screens for cocaine, fentanyl, and alcohol." *Id.* at 3. The probation officer further averred that "on June 17, 2021, [Appellant]: was caught attempting to use fake urine to pass a drug screen; admitted to the attempt; and ultimately failed a drug screen by testing positive for cocaine and fentanyl." *Id.* (footnote omitted). Appellant also testified positive for tetrahydrocannabinol (THC), but he presented a valid medical marijuana card. *Id.* at 3 n.1. White indicated Appellant had been noncompliant with the conditions of his house arrest and DRC. *Id.* at 3. She testified that it was her belief that Appellant "required more intensive treatment for his addiction than could be afforded at the county level." *Id.* White further "recommended that [Appellant] be resentence[d] to a state sentence with a referral to the State Drug Treatment Program." *Id.*

At the conclusion of the July 1, 2021 hearing, the trial court found Appellant was in violation of his probation and resentenced him to serve a period of incarceration of 24 to 60 months in a state correctional institution (SCI).[2]  **See** Trial Ct. Op. at 3.  Appellant "was determined to be boot camp eligible and referred to the State Drug Treatment Program but was not recidivism risk reduction incentive (RRRI) eligible." **Id.**

Appellant filed a timely petition for reconsideration of sentence, which was denied on July 29, 2021, following a hearing.  Appellant then filed a *pro se* notice of appeal on August 4, 2021.  Counsel filed a motion to withdraw, indicating that he had been retained solely to file the petition for reconsideration and that he did not engage in appellate practice.  The court granted counsel's motion on September 2, 2021.  New counsel was appointed, who subsequently filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), as ordered by the trial court.  The court issued a Pa.R.A.P. 1925(a) opinion on November 19, 2021.

Appellant raises the sole question on appeal:

---

[2]  The court also ordered that Appellant pay the costs of prosecution, a $300 administration fee, and $853.20 in restitution.  **See** Trial Ct. Op. at 3.

We note that because the original sentences were imposed concurrently, they are not in violation of **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*) (holding that a court may not revoke probation when a defendant commits a new crime after sentencing but before a probationary period has begun, and therefore, a sentence imposed following an anticipatory probation revocation is an illegal sentence).

I. Whether the court abused its discretion in imposing the re-sentence on July 1, 2021, when it failed to offer specific reasons that comport with the considerations required under 42 Pa.C.S. § 9721(B), that is, the protection of the public, gravity of the offense in relation to the impact on the victim and community, and rehabilitative needs of [Appellant]. Specifically, the court failed to take into consideration . . . Appellant's need for rehabilitation for drug dependence in lieu of incarceration and failed to provide an adequate statement of reasons for the sentence imposed[?]

Appellant's Brief at 5 (some capitalization omitted).

"[I]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015). "An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so." *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008). As this Court observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citation omitted).

Here, Appellant properly preserved his challenge to the discretionary aspects of his probation revocation sentence in a timely filed post-sentence motion. *See* Petition to Reconsider Sentence, 7/9/21, at ¶¶ 7-13. Furthermore, he has included the requisite Rule 2119(f) statement in his brief. *See* Appellant's Brief at 10-11. Therefore, we proceed to determine whether Appellant has raised a substantial question that the sentence imposed is inappropriate under the Sentencing Code. *See Moury*, 992 A.2d at 170. In terms of a substantial question,

> [w]e conduct a case-by-case analysis to determine what allegations constitute a substantial question. In general, an appellant raises a substantial question by advancing a plausible claim that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or were contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (citations omitted).

Appellant complains that the trial court's sentence of 24 to 60 months for a probation violation is "harsh and excessive given [his] circumstances." Appellant's Brief at 12. Specifically, he contends the court imposed a "manifestly unreasonable sentence" because it did not "satisfy the requirement[s] of 42 Pa.C.S.[ ] § 9721(b) and Pa.R.Crim. 708(D)(2) when it failed to adequately set forth its statement of reasons for the sentence imposed." *Id.* at 13-14. Moreover, Appellants alleges there was a "lack of

specificity" as to the trial court's rationale for imposing a state incarceration sentence, and that the court only provided a "blanket and brief" statement that Appellant was "going to end up killing" himself, which demonstrated the Court's "complete lack of consideration of the sentencing factors, most importantly, the rehabilitative needs of Appellant." *Id.* at 14 (record citation omitted).

Additionally, Appellants asserts that his conduct "amounted to minor infractions while on probation" and that he did not "commit further crimes for which he could be found a convicted violator." Appellant's Brief at 14. Rather, he states his "violations all stem from continued issues with narcotics and the level of need for rehabilitation rather than straight incarceration." *Id.* Appellant concludes that he is "clearly in need of further drug treatment as [a] result of his violations[,]" but "not further incarceration" as it will "only hinder his recovery." *Id.*

Appellant has raised a substantial question that his sentence is excessive and manifestly unreasonable in light of Section 9721(b) the Sentencing Code. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation and quotation marks omitted) ("An appellant making an excessiveness claim raises a substantial question when he 'sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.'"); *see also*

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1222 (Pa. Super. 2011) (finding that a claim regarding trial court's failure to offer specific reasons for sentence raises a substantial question). We may now turn to the merits of the argument.

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007) (citation omitted). "[A] sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion." *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000). "[T]he scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation." *Commonwealth v. Infante*, 888 A.2d 783, 790 (Pa. 2005) (citation omitted).

When imposing a sentence following a revocation of probation, a court is guided by both Sections 9721(b) and 9771(c) of the Sentencing Code. *See* 42 Pa.C.S. §§ 9721(b), 9771(c); *see also Commonwealth v. Derry*, 150 A.3d 987, 993-94 (Pa. Super. 2016).

> It is clearly stated in the Sentencing Code not only that the court may revoke a defendant's probation if appropriate, but also that upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial

- 8 -

sentencing. Likewise, [the Pennsylvania Supreme] Court has explicitly stated that upon revocation of probation, the court possesses the same sentencing alternatives that it had at the time of the initial sentencing. As it is well established that the sentencing alternatives available to a court at the time of initial sentencing are all of the alternatives statutorily available under the Sentencing Code, these authorities make clear that at any revocation of probation hearing, the court is similarly free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor.

*Commonwealth v. Wallace*, 870 A.2d 838, 842-43 (Pa. 2005) (citations, quotation marks, footnotes, and emphasis omitted).

Section 9721(b) provides, in relevant part, that "[i]n every case in which the court [ ] resentences a person following revocation of probation[,] the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b). Moreover, Section 9721(b) states that "[f]ailure to comply [with the provisions of this subsection] shall be grounds for vacating the sentence or resentence and resentencing the defendant."[3]

*Id.* Additionally, "[t]he judge shall state on the record the reasons for the sentence imposed" when imposing a sentence following revocation of probation. Pa.R.Crim.P. 708(D)(2).

We note that a sentencing court must state on the record its reasons for imposing sentence. Nevertheless, a lengthy discourse on the trial court's sentencing philosophy is not required. Rather, the record as a whole must reflect the court's

---

[3] *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1041 (Pa. Super. 2013) (*en banc*).

- 9 -

reasons and its meaningful consideration of the facts of the crime and the character of the offender.

In the particular context of a sentence imposed for a probation violation, we also keep in mind that a term of total confinement is available if any of the following conditions exist: (1) the defendant is convicted of another crime; or (2) his conduct indicates that it is likely that he will commit another offense; or (3) such a sentence is essential to vindicate the court's authority.

*Malovich*, 903 A.2d at 1253 (citations and quotation marks omitted). *See also Commonwealth v. Flowers*, 149 A.3d 867, 875-76 (Pa. Super. 2016).

Here, at resentencing, the trial court discussed the circumstances of the probation violation in question, Appellant's presentence investigation report (PSI), and testimony from Probation Officer White. *See* N.T., 7/1/21, at 2-3, 8. White stated this was Appellant's second violation in a matter of several weeks and that in this instance, Appellant admitted to using fake urine to circumvent a drug test, and he testified positive for both cocaine and fentanyl. *Id.* at 2-3. White also testified:

So quite frankly, Your Honor, looking back at his record, he has not been compliant on any level of probation. He was on house arrest, wasn't compliant with that. That's why he ended up in the [DRC]. He needs more intensive help than what we're able to give him. . . . [I]t looks like if I counted correctly, approximately, he's done 29 months of his 15 to 30 months Cambria County Prison; however, he does have the 54 months state probation left.

I would humbly ask that he would have that committed into a state sentence where he could go to state drug treatment facility program there and possibly get the help that he needs because if not, [Appellant] is going to be dead very soon.

*Id.* at 3.

- 10 -

The trial court also heard at length from Appellant. **See** N.T., 7/1/21, at 3-7. Appellant admitted to having a drug addiction, although he referred to it as "a little bit of [an] addiction," and that he did not "think that it's as extensive as it is." **Id.** at 4. At the conclusion of the hearing, the court stated on the record:

> Sir, I've taken into consideration your comments as well as the comments and the recommendation of probation. I've taken into consideration your file, I've reviewed your prior [PSI]. And quite frankly, I agree. You're going to end up killing yourself.
>
> * * *
>
> I agree with [Probation Officer] White that, sir, and you have the insight. You're telling me your friends are dropping dead and you've had this problem, you know, obviously, you understand that drastic measures are needed to get you straightened out.

**Id.** at 8.

In its Rule 1925(a) opinion, the trial court further opined:

> [Appellant]'s behavior demonstrates that he is unable to comport his conduct to the terms of probation and continues to engage in the use of controlled substances. As such a sentence of total confinement was necessary to vindicate the authority of the [c]ourt.
>
> * * *
>
> The record reflects that the [c]ourt took into consideration all these factors most notably [Appellant]'s ongoing drug addiction despite previous completion of intensive in-patient treatment and participating in the DRC treatment program. The record thus reflects the [c]ourt's careful consideration of [Appellant]'s circumstances in combination with all other relevant factors in reaching its sentence.
>
> Accordingly, there was no abuse of discretion in the [c]ourt's determination that a sentence of confinement with referral to the

State Drug Treatment Program and boot camp was appropriate under the attendant circumstances.

Trial Ct. Op. at 8-9 (citations omitted).

We discern no abuse of discretion by the trial court in imposing a sentence of total confinement upon revoking Appellant's probation based on the following. First, because the court reviewed the PSI, we can presume it properly weighed the relevant information concerning Appellant, including mitigating factors like his rehabilitative needs. *See Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (2013) ("[W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

Second, although Appellant asserts the sentence imposed by the court following revocation was excessive, it merits mentioning that he does not allege the sentence at issue was beyond the statutory maximum. Moreover, the record does not support such an assertion. Appellant has a prior criminal history,[4] and this was his second probation violation in the underlying matter.

Lastly, contrary to Appellant's argument, his actions did not amount to mere minor infractions. The record reflects that Appellant failed multiple drug tests as he, admittedly, continued to use narcotics during his probation and

_____

[4] *See* N.T., 5/24/17, at 4 (trial court noting Appellant had several prior drug-related convictions).

he even went so far as to try and use fake urine to avoid testing. Appellant was also given several opportunities to take advantage of rehabilitation services at the county level and he failed to do so. The court's imposition of a state sentence, after assessing Appellant's actions that led to his second probation violation, demonstrates a concern for his addiction issues and that such a sentence is essential to vindicate the authority of the trial court. ***See Malovich***, 903 A.2d at 1253.

Accordingly, we conclude the trial court did not abuse its discretion in revoking Appellant's probation and imposing a term of state imprisonment where: (1) the court properly considered the applicable factors in formulating its sentence; and (2) the sentence did not exceed the statutory maximum.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/20/2022